JOHN F. McINTYRE, JR., ESQ., State Bar No. 172128
KEVIN R. ELLIOTT, ESQ., State Bar No. 276295
SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126-1144
[408] 298-6611
[408] 275-0814 Facsimile
Email: jmcintyre@sheamcintyre.com

Attorneys for Defendant
AMERICAN BUILDING CLEANING, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

JOSE AGUILAR, individually, and on behalf of all others similar situated,

        Plaintiff,

    v.

AMERICAN BUILDING CLEANING, INC., and DOES 1 through 100, inclusive,

        Defendants.

No.

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF, JOSE AGUILAR, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILAR SITUATED, AND TO THEIR ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE that Defendant, AMERICAN BUILDING CLEANING, INC., ("Defendant") removes the above-captioned action from the Superior Court of the State of California, County of Contra Costa, to the United States District Court, Northern District of California. This removal is based on 28 U.S.C. §§ 1332, 1441 and 1446. The grounds for removal are set forth below.

## I. SUMMARY

    1.    Plaintiff, JOSE AGUILAR, filed this civil action in the Superior Court of the State of California, County of Contra Costa, on May 8, 2018. The action was assigned Case No.

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

1
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446

1    C-18-00929.  Plaintiff served Defendant by mailing a copy of the complaint, along with other

2    documents, on or about May 30, 2018 (Declaration of Kimberly Zapata ["Zapata Decl."] ¶ 6 and

3    Exh. 2).  The Zapata Declaration is attached hereto as **Exhibit 1**.  Copies of the Complaint,

4    summons, Civil Case Cover Sheet and Notice of Case Management Conference are attached

5    hereto as **Exhibit 2.**  A copy of the envelope in which they came is attached as **Exhibit 3.**

6    Defendant filed a timely answer to the complaint in Contra Costa County Superior Court on July

7    6, 2018.  A copy of the answer is attached hereto as **Exhibit 4.**   Other than the foregoing

8    pleadings, Defendant is unaware of there being any other documents on file with the Contra

9    Costa County Superior Court in this action.

10           2.       This Notice of Removal is timely filed within 30 days of when the service became

11   effective.[1]  Pursuant to California Code of Civil Procedure § 415.40, service is "deemed

12   complete on tenth day after" certified mailing.  *Jimena v. Standish*, 504 Fed.Appx. 632 (9th Cir.

13   2013).  The summons and complaint were mailed on May 30, 2018, forty (40) days after mailing

14   is July 9, 2018.

15           3.       Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a) because the action

16   was pending in the Contra Costa County Superior Court, which court is in the territory of the

17   United States District Court for the Northern District of California.

18

19                    **II.  DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332**

20           4.       This matter is a civil action within the meaning of 28 U.S.C. § 1331, and over

21   which this court has original jurisdiction under 28 U.S.C. § 1332.  It is an action which may be

22   removed to this court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is

23   a civil action between citizens of different states, and the amount in controversy exceeds the sum

24   of $75,000, exclusive of interest and costs.

25

26   _____

27           [1]  Service here has not been properly effected since the summons and complaint were sent
     via regular mail rather than by first-class mail, postage prepaid, requiring a return receipt, as
     required by *California Code of Civil Procedure* § 415.40.  However, to avoid any doubt,
28   Defendant removes the matter as if service was effective as of June 9, 2018, 10 days after
     mailing.

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

**A. Complete Diversity Pursuant to 28 U.S.C. § 1332 Exists Here.**

5.      Plaintiff is a citizen of the State of California.  (Zapata Decl. ¶ 2).

6.      Defendant is a Texas corporation, with its principal place of business located in Houston, Texas (Zapata Decl. ¶ 3-4).

7.      Plaintiff's inclusion of fictitious parties has no effect on the removal of this case. See 28 U.S.C. § 1441(a); see also *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

**B. Examining Only Plaintiff's Potential Recovery on His Individual Claims in This Case, the Individual Amount in Controversy Requirement Is Met.**

8.      The complaint does not allege an amount of damages as to each of Plaintiff's individual claims.  Removal is therefore proper if, from the allegations of the complaint and the notice of removal, it is more likely than not that Plaintiff's claimed damages will exceed $75,000.  See *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir. 1996).  In determining whether the jurisdictional minimum is met, the court considers all recoverable damages, including statutory penalties and attorneys' fees.  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-348 (1977); *Galt GIS v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002).

9.      The complaint asserts the following causes of action: (1) Unlawful failure to pay wages; (2) Failure to provide meal and rest periods; (3) Failure to provide accurate itemized wage statements; (4) Failure to pay wages on termination; (5) Failure to reimburse expenses and/or prohibited cash bond; (6) Unfair business practices under the Unfair Competition Act. Plaintiff alleges violations of various sections of the California Labor Code.  These statutes allow for a successful plaintiff to be awarded reasonable attorney's fees.  (See e.g. Labor Code §§ 226, 1194, and 2802.)

10.      Plaintiff was paid at a rate of $100 per job (which did not take longer than 7 hours).  (Zapata Decl. ¶ 5.)  At that rate, plaintiff's regular rate of pay was about $14.28 per hour ($100 / 7 hours = $14.28) and his premium overtime rate would be about $21.42 per hour

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

($14.28 x 1.5)  Plaintiff worked for Defendant for about 13 months.  (Zapata Decl. ¶ 5.)  The Complaint in this matter alleges plaintiff was not paid premium overtime compensation for work over 8 hours in a day or over 40 hours in a week.  (Complaint, ¶ 30.)  The Complaint does not disclose the amount of overtime hours claimed, but even if the overtime claimed was only 10 hours per week, the amount of overtime pay claimed by plaintiff would total about $11,781 ($21.42x10 hours = $210.42 x 55 weeks = **$11,781**.)  (Declaration of John F. McIntyre, Jr. ["McIntyre Decl."] ¶ 8.)  The McIntyre Decl. is attached to hereto as **Exhibit 5**.

11.    Plaintiff alleges in the Complaint that Defendant did not provide meal and rest periods as required by law and never paid the premium to Plaintiff for any missed meal and rest periods.  (Complaint, ¶¶ 39-49.)  At five (5) days of work per week and a missed meal period and a missed rest period missed each day, Plaintiff's claims on this cause of action could total 550 missed meal periods and rest breaks.  (5 days per week x 55 weeks = 275 days of work) (275 x 2 (one of each a meal period and rest break each day) = 550 potential violations).  Thus, the potential damages on this claim total **$7,854** ($14.28 x 550).  (McIntyre Decl. ¶ 9.)

12.    Plaintiff alleges in the Complaint that the wage statements he received were inaccurate in violation of Labor Code § 226.  (Complaint, ¶¶ 50-56.)  Plaintiff was employed by Defendant for about 13 months or about 55 weeks.  (Zapata Decl. ¶ 5.)  Plaintiff was paid two times a month and received a total of about 25 paychecks.  Thus, the potential damages on this claim total **$2,450**.  ($50 + $100 x 24 = $2,450) (See Labor Code § 226)  (McIntyre Decl. ¶ 10.)

13.    Plaintiff alleges in the Complaint that he was not paid all wages at the termination of his employment as required by California law.  (Complaint, ¶¶ 57-61.)  At the regular rate of pay of $14.28, Plaintiff's claim under this cause of action likely totals about **$3,427.20** ($14.28 x 8 x 30).  (See *Mamika v. Barca*, 68 CalApp. 4th 487, 492 (1998).)  (McIntyre Decl. ¶ 11.)

14.    Plaintiff alleges in the Complaint that he was not reimbursed all business expenses.  (Complaint, at p. 14:5-15:13)  Plaintiff does not disclose the amount of this claim or how it is calculated, but assuming Plaintiff is claiming mileage for driving to work locations, that claim could total around **$5,885**.  (At 40 miles per work day x 5 days per week x 55 weeks = 11,000 miles x $0.535 per mile = $5,885) (McIntyre Decl. ¶ 12.)

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

4
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28
U.S.C. §§ 1332, 1441 and 1446

15.     Plaintiff alleges in the Complaint that he is entitled to a penalty pursuant to Labor Code § 1174.5 for Defendant's alleged failure to maintain records required by law. (Complaint, at p. 17:10-11). The penalty permissible under Labor Code § 1174.5 is **$500.** (McIntyre Decl. ¶ 13.)

16.     Plaintiff's attorneys in this matter, Scott Cole & Associates ("SCA"), have previously claimed its attorneys' billing rates are between $320 and $700 per hour. (McIntyre Decl. ¶ 4.) Thus, the average hourly rate for the attorneys with SCA is about $520 per hour ($700+320 / 2 = $520). (McIntyre Decl. ¶ 6.) At that average hourly rate, Plaintiff's attorneys would only need to spend 145 hours on this case to overtake the jurisdictional threshold in this case ($520 x 145 hours = $75,400). (McIntyre Decl. ¶ 6.) It is likely that plaintiff's attorneys will spend at least that much time on this case just getting it to a hearing on a class certification motion and possibly double that amount to bring this case through trial. (McIntyre Decl. ¶ 7.) For the purposes of this Notice of Removal, Defendant conservatively estimates Plaintiff claimed attorney's fees will be at least **$60,000**. This amount of attorney's fees is a very conservative estimate of fees, and likely much less than Plaintiff would claim. See, e.g., *Ahmed v. Good Nite Management, Inc.*, 2009 WL 715988 (Cal. App. 1 Dist. 2009) (awarding $236,760 in attorney's fees in individual case alleging overtime and missed meal periods, as well as violations of the Unfair Competition Law); *Burciaga v. ATC Distribution Group, Inc.*, 2003 WL 21735569 (Cal. Sup. Ct. June 6, 2003) (awarding $45,444 in unpaid overtime wages, interest, and penalties in case involving allegations of missed meal and rest periods and $88,360 in attorney's fees and $2,033 in recoverable costs).

17.     When totaled, Plaintiff alleges claims that likely total about $31,897.20 plus attorneys fees and costs of suit of at least $60,000 for a total of **$91,897.20**. This amount is well above the jurisdictional amount in controversy.[2]

---

[2] By estimating the amount Plaintiff may recover if he prevails, Defendant does not concede that Plaintiff will prevail on any of his claims or that, if he prevails, he is entitled to damages in any particular amount or at all. Defendant reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

1

2              ### III.  ALL OTHER JURISDICTIONAL REQUIREMENTS ARE MET.

3        18.    All prerequisites for removal under 28 U.S.C. §§ 1441 and 1453 have been met.

4        19.    Because this court has original jurisdiction under the provisions of 28 U.S.C.

5 § 1332(a), removal of this action is proper pursuant to 28 U.S.C. § 1441.

6        20.    This Notice of Removal is filed in the District Court where the State Court action

7 is pending.  Defendant has not sought similar relief.

8        21.    Contemporaneous with the filing of this Notice of Removal, Defendant has filed a

9 copy of the same with the State Court.  *See* 28 U.S.C. § 1446(d).  Written notice of the filing of

10 this Notice of Removal also has been served upon Plaintiff.

11       22.    Defendant reserves the right to amend or supplement its Notice of Removal by

12 adding any jurisdictional defenses that may independently support a basis for removal.

13       23.    If any question arises as to the propriety of the removal of this action, Defendant

14 requests the opportunity to present a brief and oral argument in support of its position that this

15 case is removable.

16       24.    Nothing in this Notice of Removal shall be interpreted as a waiver or

17 relinquishment of any of Defendant's rights to assert any defense or affirmative matter, including

18 but not limited to the defenses of: (1) lack of jurisdiction over the person; (2) improper service;

19 (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of

20 claims; (6) failure to state a claim; (7) failure to join a dispensable party; or (8) any other

21 pertinent defenses available under California or Federal Rule of Civil Procedure 12, and any state

22 or federal statute, or otherwise.

23 / / /

24 / /

25 /

26

27

28

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

25.    As required by 28 U.S.C. § 1446(d), a copy of the original Notice of Removal will be filed with the Superior Court for the County of Contra Costa.  A true and correct copy of the Notice of Removal to be filed in Contra Costa County, without exhibits, is attached hereto as **Exhibit 7**.

Dated:  July ____9____, 2018                                         SHEA & McINTYRE, A P.C.


                                                                     By_____
                                                                           JOHN F. McINTYRE, JR., Attorneys for
                                                                           Defendant, AMERICAN BUILDING
                                                                           CLEANING, INC.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

# EXHIBIT 1

1  JOHN F. McINTYRE, JR., ESQ., State Bar No. 172128
   KEVIN R. ELLIOTT, ESQ., State Bar No. 276295
2  SHEA & McINTYRE, A P.C.
   2166 The Alameda
3  San Jose, CA 95126-1144
   [408] 298-6611
4  [408] 275-0814 Facsimile
   Email:  jmcintyre@sheamcintyre.com
5
   Attorneys for Defendant
6  AMERICAN BUILDING CLEANING, INC.

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11  JOSE AGUILAR, individually, and on behalf of    No.
    all others similar situated,
12                                                  **DECLARATION OF KIMBERLY E.**
                        Plaintiff,                  **ZAPATA IN SUPPORT OF NOTICE**
13                                                  **OF REMOVAL**
            v.
14
    AMERICAN BUILDING CLEANING, INC., and
15  DOES 1 through 100, inclusive,

16                      Defendants.

17

18          I, Kimberly E. Zapata, hereby declare as follows:

19          1.      I have personal knowledge of the matters stated herein, and could and would

20  competently testify thereto if called upon to do so.

21          2.      I am the President of American Building Cleaning, Inc. (the "Company").  It is my

22  understanding that plaintiff in this matter is a citizen of the State of California.  When plaintiff

23  was hired, and up until his termination, the only address he provided to the Company was 620

24  Iris Ave. #225, Sunnyvale, CA 94986.  Plaintiff worked for the Company exclusively in

25  California.

26          3.      The Company is not a citizen of California.  The Company was incorporated in

27  the state of Texas in 2015 and has, from that time to the present, had its principal place of

28  business in Houston, Texas.

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

1
DECLARATION OF KIMBERLY E. ZAPATA IN SUPPORT OF NOTICE OF REMOVAL

1      4.      The Company's headquarters are in Texas.  The corporate meetings of the

2  directors and stockholders occur in Texas, the Company's corporate officers all reside in Texas,

3  all important policy decisions concerning the Company are made in Texas, and all of the

4  Company's administrative functions are in Texas.

5      5.      The plaintiff in this matter, Jose Aguilar, was hired by the Company in January

6  2017 and worked as a janitor from that time until the time of his termination in January 2018.

7  During his employment, he was paid at the rate of $100 per job.

8      6.      In June 2018, The Company received, via mail, the documents attached to the

9  Notice of Removal as **Exhibit 2**.  The envelope in which they came is attached to the Notice of

10  Removal as **Exhibit 3**.

11      I declare under penalty of perjury under the laws of the United States of America that the

12  foregoing is true and correct, and that this declaration was executed on July 6, 2018 in Houston,

13  Texas.

14

15                                                            _____

16                                                            KIMBERLY E. ZAPATA

17

18

19

20

21

22

23

24

25

26

27

28

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

2
DECLARATION OF KIMBERLY E. ZAPATA IN SUPPORT OF NOTICE OF REMOVAL

# EXHIBIT 2

Scott Edward Cole, Esq. (S.B. #160744)
Andrew Weaver, Esq. (S.B. #318935)
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: scole@scalaw.com
Email: aweaver@scalaw.com
Web: www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

**FILED**

2018 MAY -8 P 2: 54

STEPHEN H. NASH
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY: **K. VAQUERANO**

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| JOSE AGUILAR, individually, and on behalf of all others similarly situated, Plaintiff, vs. AMERICAN BUILDING CLEANING, INC., and DOES 1 through 100, inclusive; Defendants. | Case No.  C 18-00929 CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION [Jury Trial Demanded]  SUMMONS ISSUED  PER LOCAL RULE, THIS CASE IS ASSIGNED TO DEPT 12 FOR ALL PURPOSES. |

Representative Plaintiff alleges as follows:

## INTRODUCTION

1.      This is a class action seeking unpaid regular and overtime wages, including unpaid compensation for meal and/or rest period violations, interest thereon, reimbursement of business expenses, liquidated damages and other penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs under, *inter alia*, California Labor Code §§ 200-204, inclusive, 226, 226.7, 226.8, 406, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 2802, California Business and Professions Code §§ 17200, *et seq.* and California Code of Civil Procedure

First Legal
200 Webster #201
Oakland, CA 94607
415-636-3111

1  § 1021.5. Plaintiff Jose Aguilar ("Representative Plaintiff" or "Plaintiff") brings this action on

2  behalf of himself and all other persons similarly situated ("Class Members" and/or the "Plaintiff

3  Class") who are or have been employed by defendants American Building Cleaning, Inc., and/or

4  Does 1 through 100, inclusive (collectively "Defendant") as Janitors within the State of California

5  within the applicable class period.

6        2.     The class period is designated as the time from May 8, 2014 through trial, based

7  upon the allegation that the violations of California's wage and hour laws, as described more fully

8  below, have been ongoing throughout that time.

9        3.     During the class period, Defendant has had a consistent policy of (1) permitting,

10  encouraging and/or requiring Plaintiff to work in excess of eight hours per day and/or in excess of

11  forty hours per week without paying him overtime compensation as required by California's wage

12  and hour laws, (2) unlawfully denying Plaintiff and Class Members statutorily-mandated meal and

13  rest periods, (3) willfully failing to provide Plaintiff and Class Members with accurate

14  semimonthly itemized wage statements reflecting the total number of hours each worked, the

15  applicable deductions, and the applicable hourly rates in effect during the pay period, and (4)

16  willfully failing to pay compensation in a prompt and timely manner to Plaintiff and those Class

17  Members whose employment with Defendant has terminated.

18        4.     Defendant operates a janitorial service within California for which Representative

19  Plaintiff worked as a Janitor. The Representative Plaintiff is informed and believes and, on that

20  basis, alleges that, within the Class Period, Defendant employed hundreds of individuals in

21  California in recent years to perform janitorial services, employment positions which did not, and

22  currently do not, meet any known test for exemption from the payment of overtime wages and/or

23  the entitlement to meal or rest periods.

24        5.     Despite actual knowledge of these facts and legal mandates, Defendant has and

25  continues to enjoy an advantage over its competition and a resultant disadvantage to its workers

26  by electing not to pay all wages due (regular and overtime wages, missed meal and rest period

27  compensation) and/or all penalties due (including "waiting time" penalties) to its California based

28  janitors.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WAKEFIELD TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-2-

6.    Representative Plaintiff is informed and believes and, based thereon, alleges that Defendant's officers knew of these facts and legal mandates yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

7.    Despite Defendant's knowledge of Class Members' entitlement to meal and/or rest periods for all applicable work periods, Defendant failed to provide the same to Class Members, in violation of California state statutes, the applicable California Industrial Welfare Commission Wage Order, and Title 8 of the California Code of Regulations. This action is brought to redress and end this prolonged pattern of unlawful conduct once and for all.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over the Representative Plaintiff's and Class Members' claims for unpaid wages, expenses and/or penalties under, *inter alia*, the applicable Industrial Welfare Commission Wage Order, Title 8 of the California Code of Regulations, various sections of the California Labor Code, and/or the California Code of Civil Procedure § 1021.5.

9.    This Court also has jurisdiction over the Representative Plaintiff's and Class Members' claims for injunctive relief and restitution of ill-gotten benefits arising from Defendant's unfair and/or fraudulent business practices under California Business & Professions Code § 17200, *et seq.*

10.   Venue as to Defendant is proper in this judicial district pursuant to California Code of Civil Procedure § 395(a). Defendant provides janitorial services within the County of Contra Costa (where Plaintiff and numerous Class Members worked), transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have and have had a direct effect on Representative Plaintiff and those similarly situated within the State of California and within the County of Contra Costa.

## PLAINTIFF

11.    Representative Plaintiff Jose Aguilar is a natural person who was employed by Defendant as a Janitor during the Class Period.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Complaint for Damages, Injunctive Relief and Restitution

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WALDECK TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

12.    In these capacities, Representative Plaintiff is and was entitled to full, uninterrupted and statutorily-mandated meal and rest periods, as well as other benefits of employment as set forth herein.

<u>**DEFENDANT**</u>

13.    Representative Plaintiff is informed and believes and, based thereon, alleges that, at all times herein relevant, defendants American Building Cleaning, Inc., and Does 1 through 100, did business within the State of California providing janitorial services.

14.    Those defendants identified as Does 1 through 100, inclusive, are and were, at all relevant times herein-mentioned, officers, directors, partners, and/or managing agents of some or each of the remaining defendants. Representative Plaintiff is informed and believes and, on that basis, alleges that at all relevant times herein mentioned, defendants American Building Cleaning, Inc., and those identified as Does 1 through 100, inclusive, employed, and/or exercised control over the wages, hours, and/or working conditions of the Representative Plaintiff and Class Members within the State of California.

15.    The Representative Plaintiff is unaware of the true names and capacities of those defendants sued herein as Does 1 through 100, inclusive and, therefore, sues these defendants by such fictitious names. The Representative Plaintiff will seek leave of court to amend this Complaint when such names are ascertained. The Representative Plaintiff is informed and believes and, on that basis, alleges that each of the fictitiously-named defendants was responsible in some manner for, gave consent to, ratified, and/or authorized the conduct herein alleged and that the Representative Plaintiff's and Class Members' damages, as herein alleged, were proximately caused thereby.

16.    Representative Plaintiff is informed and believes and, on that basis, alleges that, at all relevant times herein mentioned, each of the defendants was the agent and/or employee of each of the remaining defendants and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1 | <u>CLASS ACTION ALLEGATIONS</u>

2      17.    The Representative Plaintiff brings this action on behalf of himself and as a class

3 action on behalf of all persons similarly situated and proximately damaged by Defendant's conduct

4 including, but not necessarily limited to, the following Plaintiff Class:

5          "All persons employed by Defendant as janitors in California at any
         time on or after May 8, 2014."
6

7      18.    Defendant's officers and directors are excluded from the Plaintiff Class.

8      19.    This action has been brought and may properly be maintained as a class action

9 under California Code of Civil Procedure § 382 because there is a well-defined community of

10 interest in the litigation and the proposed Class is easily ascertainable.

11        a.    <u>Numerosity</u>: A class action is the only available method for the fair
and efficient adjudication of this controversy. The members of the
12 Plaintiff Class are so numerous that joinder of all members is
impractical, if not impossible, insofar as Representative Plaintiff is
13 informed and believes and, on that basis, alleges that there are
sufficient Class Members to meet the numerosity requirement.
14 Membership in the Class will be determined upon analysis of
employee and payroll, among other, records maintained by
15 Defendant.

16        b.    <u>Commonality</u>: The Representative Plaintiff and the Class Members
share a community of interests in that there are numerous common
17 questions and issues of fact and law which predominate over any
questions and issues solely affecting individual members, including,
18 but not necessarily limited to:

19
       1)    Whether Defendant violated California Business and
20           Professions Code § 17200, *et seq.* by failing to provide meal
and/or rest breaks to Class Members working eligible shifts;
21

22        2)    Whether Defendant violated California Labor Code § 1174 by
failing to keep accurate records of employees' hours of work;

23        3)    Whether Defendant violated California Labor Code §§ 201-204
24           by failing to pay wages due and owing at the time that certain
Class Members' employment with Defendant terminated;

25        4)    Whether Defendant violated California Labor Code § 226 by
26           failing to provide semimonthly itemized statements to Class
Members of total hours worked by each and all applicable
27           hourly rates in effect during the pay period; and

28        5)    Whether Class Members are entitled to "waiting time"
penalties, pursuant to California Labor Code § 203.

c.   <u>Typicality</u>: The Representative Plaintiff's claims are typical of the claims of Class Members. The Representative Plaintiff and Class Members sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

d.   <u>Adequacy of Representation</u>: The Representative Plaintiff in this class action is an adequate representative of the Plaintiff Class in that the Representative Plaintiff's claims are typical of those of the Plaintiff Class and the Representative Plaintiff has the same interest in the litigation of this case as the Class Members. The Representative Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel who are experienced in conducting litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to Class Members as a whole. The Representative Plaintiff anticipates no management difficulties in this litigation.

e.   <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought, or be required to be brought, by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

## <u>COMMON FACTUAL ALLEGATIONS</u>

20.   As described herein, for years, Defendant has knowingly failed to adequately compensate those employees within the class definition identified above for all wages earned (including premium wages such as compensation for missed meal and/or rest periods) under the California Labor Code and the applicable IWC Wage Order, thereby enjoying a significant competitive edge over other service providers.

21.   Defendant has declined to pay these wages, even upon a Class Member's termination or resignation from employment, in blatant violation of California Labor Code § 201 and/or § 202.

22.   Moreover, according to Defendant's policies, Class Members were required to incur business expenses related to the operations of Defendant.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-6-
Complaint for Damages, Injunctive Relief and Restitution

COPY

23.    California Labor Code §§ 201 and 202 require Defendant to pay severed employees all wages due and owed to the employee immediately upon discharge or within 72 hours of resignation of their positions, in most circumstances. California Labor Code § 203 provides that an employer who willfully fails to timely pay such wages must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, and the payment of such penalty shall continue for a period of time up to 30 days.

24.    Furthermore, despite its knowledge of the Representative Plaintiff's and the Class Members' entitlement to compensation for all hours worked, Defendant violated California Labor Code § 1174(d) by failing to provide or require the use, maintenance, or submission of time records by members of the Plaintiff Class. Defendant also failed to provide the Representative Plaintiff and Class Members with accurate semimonthly itemized statements of the total number of hours worked by each, and all applicable hourly rates in effect, during the pay period, in violation of California Labor Code § 226. In failing to provide the required documents, Defendant has not only failed to pay its workers the full amount of compensation due but the company has also, until now, effectively shielded itself from its employees' scrutiny by concealing the magnitude and financial impact of its wrongdoing that such documents might otherwise have led workers to discover.

25.    Representative Plaintiff and all persons similarly situated are entitled to unpaid compensation, yet, to date, have not received such compensation despite many of the same having been terminated by and/or resigned from Defendant's employ. More than 30 days have passed since certain Class Members have left Defendant's employ.

26.    As a consequence of Defendant's willful conduct in not paying former employees compensation for all hours worked in a prompt and timely manner, certain Class Members are entitled to up to 30 days wages as a penalty under California Labor Code § 203, together with attorneys' fees and costs.

27.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, as described above, including compensation for loss of earnings for hours worked on behalf of Defendant, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

COPY

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  as set forth herein, certain Class Members are entitled to recover "waiting time" penalties (pursuant

2  to California Labor Code § 203) and penalties for failure to provide semimonthly statements of

3  hours worked and all applicable hourly rates (pursuant to California Labor Code § 226) in an

4  amount to be established at trial. As a further direct and proximate result of Defendant's unlawful

5  conduct, as set forth herein, Representative Plaintiff and Class Members are also entitled to recover

6  costs and attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, among other

7  authorities.

8      28.    Representative Plaintiff seeks injunctive relief prohibiting Defendant from

9  engaging in the complained-of illegal labor acts and practices in the future. Representative Plaintiff

10  also seeks restitution of costs incurred by Representative Plaintiff and Class Members under

11  California's Unfair Competition Law. Unless enjoined, Defendant's unlawful conduct will

12  continue unchecked, while Representative Plaintiff and Class Members bear the financial brunt of

13  Defendant's unlawful conduct. As a further direct and proximate result of Defendant's unlawful

14  conduct, as set forth herein, Representative Plaintiff and the Plaintiff Class are also entitled to

15  recover costs and attorneys' fees, pursuant to statute.

16

17              FIRST CAUSE OF ACTION
                UNLAWFUL FAILURE TO PAY WAGES
18  (California Labor Code §§ 200-204, 510, 558, 1194, and 1198; IWC Wage Order(s))

19      29.    Plaintiff incorporates in this cause of action each and every allegation of the

20  preceding paragraphs, with the same force and effect as though fully set forth herein.

21      30.    During the limitations period, Plaintiff performed work for Defendant, oftentimes

22  in excess of eight hours in a workday and/or forty hours in a workweek. The number of hours will

23  be proven at trial.

24      31.    During the limitations period, Defendant refused to compensate Plaintiff for all of

25  the wages earned, in violation of the applicable IWC Wage Order(s) and provisions of the

26  California Labor Code.

27

28

COPY

32.    At all relevant times, Defendant was aware of, and was under a duty to comply with, the overtime provisions of the California Labor Code including, but not limited to, California Labor Code §§ 510, 1194, and 1198.

33.    California Labor Code § 510(a), in pertinent part, provides:

Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.

34.    California Labor Code § 1194(a), in pertinent part, provides:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

35.    California Labor Code § 1198, in pertinent part, provides:

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

36.    By refusing to compensate Plaintiff for overtime wages earned, Defendant violated those California Labor Code provisions cited herein as well as the applicable IWC Wage Order(s).

37.    Defendant's conduct, as heretofore detailed, represents underpayment of wages pursuant to California Labor Code § 558 for which Plaintiffs seek damages and/or penalties according to proof.

38.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff is entitled to recover penalties in amounts to be established at trial, as well as attorneys' fees and costs, and restitution, pursuant to statute.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE MADISON TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

COPY

## SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL AND REST PERIODS
(California Labor Code §§ 226.7 and 512)

39.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

40.     At all relevant times, Defendant was aware of and was under a duty to comply with California Labor Code § 226.7 and §512.

41.     California Labor Code § 226.7 provides:

(a)     No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b)     If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

42.     Moreover, California Labor Code § 512(a) provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

43.     Sections 11 and 12, respectively, of the applicable IWC Wage Order mandate that employers provide all applicable meal and/or rest periods to non-exempt (including exempt-misclassified) employees.

44.     Section 11 of the applicable IWC Wage Order provides:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-10-

COPY

employee with a second meal period of not less than 30 minutes...

(C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

45.   Moreover, Section 12 of the applicable IWC Wage Order provides:

(A)   Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....

(B)   If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

46.   By failing to consistently provide uninterrupted thirty-minute meal periods within the first five hours of work each day and/or uninterrupted net ten-minute rest periods to Representative Plaintiff and Class Members, Defendant violated the California Labor Code and applicable IWC Wage Order provisions.

47.   Representative Plaintiff is informed and believes and, on that basis, alleges that Defendant has never paid the one hour of compensation to any Class Member due to its violations of the California Labor Code and applicable IWC Wage Order provisions.

48.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial.

49.   As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, certain Class Members are entitled to recover other penalties, in amounts to be established at trial, as well as recovery of attorneys' fees and costs, pursuant to statute.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-11-

COPY

**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
(California Labor Code §§ 226 and 1174)

50.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

51.    California Labor Code § 226(a) provides:

Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

52.    Moreover, California Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

53.    Finally, California Labor Code § 1174(d) provides:

Every person employing labor in this state shall. . . [k]eep, at a central location in the state...payroll records showing the hours worked daily by and the wages paid to...employees.... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

54.    Representative Plaintiff seeks to recover actual damages, costs, and attorneys' fees under these provisions on behalf of himself and on behalf of all Class Members.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

COPY

55.   Defendant has failed to provide timely, accurate itemized wage statements to the Representative Plaintiff and Class Members in accordance with California Labor Code § 226. Representative Plaintiff is informed and believes and, on that basis, alleges that none of the statements provided by Defendant accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions of such Class Members. .

56.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Representative Plaintiff and Class Members have sustained damages in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

## FOURTH CAUSE OF ACTION
## FAILURE TO PAY WAGES ON TERMINATION
### (California Labor Code § 203)

57.   Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

58.   California Labor Code § 203 provides that:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

59.   .   Numerous Class Members were employed by Defendant during the class period and were thereafter terminated or resigned from their positions, yet they were not paid all premium (overtime) wages due upon said termination or within 72 hours of said resignation of employment therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by Defendant.

60.   More than 30 days have elapsed since certain Class Members were involuntarily terminated or voluntarily resigned from Defendant's employ.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WAKEFIELD TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-13-

Complaint for Damages, Injunctive Relief and Restitution

COPY

61.     As a direct and proximate result of Defendant's willful conduct in failing to pay said Class Members for all hours worked, affected Class Members are entitled to recover "waiting time" penalties of up to thirty days' wages pursuant to California Labor Code § 203 in an amount to be established at trial, together with interest thereon, and attorneys' fees and costs.

### FIFTH CAUSE OF ACTION
### FAILURE TO REIMBURSE EXPENSES AND/OR PROHIBITED CASH BOND
### (California Labor Code §§ 406 and 2802)

1.      Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

2.      During the class period, Defendant required the Representative Plaintiff and Class Members to incur expenses related to the business operations of Defendant. These expenses include(d), without limitation, use of their personal vehicles for business purposes. These expenditures were incurred in direct consequence of the discharge of the duties of Representative Plaintiff and members of the Plaintiff Class, or of their obedience to the directions of the employer and have not yet been reimbursed by Defendant.

3.      At all relevant times, Defendant was aware of and was under a duty to comply with various provisions of the California Labor Code, including, but not necessarily limited to §§ 406 and 2802(a).

4.      California Labor Code § 406 provides:

Any property put up by an employee, or applicant as a part of the contract of employment, directly or indirectly, shall be deemed to be put up as a bond and is subject to the provisions of this article whether the property is put up on a note or as a loan or an investment and regardless of the wording of the agreement under which it is put up.

5.      California Labor Code § 2802(a) provides:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WAKEFIELD TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

COPY

6.    By requiring the Representative Plaintiff and members of the Plaintiff Class to incur uncompensated expenses in direct consequence of the discharge of their duties, Representative Plaintiff and Class Members were forced and/or brought to contribute to the capital and expenses of Defendant's business which is legally a cash bond and which must be refunded by Defendant to each Class Member.

7.    California Labor Code § 2802 (b) and (c) provides for interest at the statutory post judgment rate of ten percent simple interest per annum from the date of the expenditure, plus attorneys' fees to collect reimbursement.

8.    Therefore, Representative Plaintiff demands reimbursement for expenditures or losses incurred by himself and other members of the Plaintiff Class in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, plus return of all cash bonds or other coerced investments in the business of Defendant, with interest, at the statutory rate, plus attorneys' fees.

### SIXTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT
#### (California Business & Professions Code §§ 17200-17208)

9.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

10.    Representative Plaintiff further brings this cause of action seeking equitable and statutory relief to stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

11.    Defendant's knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

COPY

1    12. Defendant has clearly established a policy of accepting a certain amount of

2 collateral damage, as represented by the damages to the Representative Plaintiff and to Class

3 Members herein alleged, as incidental to its business operations, rather than accept the alternative

4 costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its

5 responsible competitors and as set forth in legislation and the judicial record.

6

7

8           **RELIEF SOUGHT**

9    **WHEREFORE, the Representative Plaintiff,** on behalf of himself and the proposed

10 Plaintiff Class, prays for judgment and the following specific relief against Defendants, and each

11 of them, jointly and separately, as follows:

12    1. That the Court declare, adjudge, and decree that this action is a proper class action

13 and certify the proposed Class and/or any other appropriate subclasses under California Code of

14 Civil Procedure § 382;

15    2. That the Court declare, adjudge, and decree that Defendant willfully violated its

16 legal duties to pay all wages due under the California Labor Code and the applicable California

17 Industrial Welfare Commission Wage Orders;

18    3. That the Court make an award to the Representative Plaintiff and the Class

19 Members of one hour of pay at each employee's regular rate of compensation for each workday

20 that a meal period was not provided;

21    4. That the Court make an award to the Representative Plaintiff and the Class

22 Members of one hour of pay at each employee's regular rate of compensation for each workday

23 that a rest period was not provided;

24    5. That the Court declare, adjudge and decree that Defendant violated California

25 Labor Code §§ 406 and 2802(a) by, *inter alia*, willfully failing to reimburse the Representative

26 Plaintiff and Class Members for expenses made on behalf of Defendant;

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Complaint for Damages, Injunctive Relief and Restitution

COPY

6.    That the Court Order Defendant to pay restitution to the Representative Plaintiff and the Class Members due to Defendant's unlawful activities, pursuant to California Business and Professions Code §§ 17200-17208;

7.    That the Court further enjoin Defendant, ordering it to cease and desist from unlawful activities in violation of California Business and Professions Code § 17200, *et seq.*

8.    For all other Orders, findings and determinations identified and sought in this Complaint;

9.    For interest on the amount of any and all economic losses, at the prevailing legal rate;

10.    That the Court make an award to Plaintiffs of penalties, pursuant to California Labor Code §§ 203, 226, 558, and 1174.5, in an amount to be proven at trial;

11.    For reasonable attorneys' fees, pursuant to California Code of Civil Procedure § 1021.5; and

12.    For costs of suit and any and all such other relief as the Court deems just and proper.

**JURY DEMAND**

Representative Plaintiff, on behalf of himself and the Plaintiff Class, hereby demands a trial by jury.

Dated: May 8, 2018

SCOTT COLE & ASSOCIATES, APC

By: _____
Andrew Weaver, Esq.
Attorneys for Representative Plaintiff
and the Plaintiff Class

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)



**FILED**

2018 MAY -8 P 2: 54

STEPHEN H. NASH
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA

**K. VAQUERANO**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

American Building Cleaning Inc. and Does 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Jose Aguilar individually and on behalf of all other similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es): Superior Court of Contra Costa<br><br>725 Court Street<br>Martinez, Ca 94553 | **CASE NUMBER:**<br>(Número del Caso):<br>**18-00929** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Andrew Daniel Weaver, Esq. 1970 Broadway, Ninth Floor, Oakland Ca 94612

DATE: May 8, 2018     **MAY 08 2018**     Clerk, by **K. VAQUERANO** , Deputy
(Fecha)     (Secretario)     (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify):

    under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

          ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

First Legal
200 Webster #201
Oakland, CA 94607
415-638-3111

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

**COPY**

CM-010

| | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Andrew Daniel Weaver, Esq. (S.B. # 318935)
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor
Oakland, CA 94612
TELEPHONE NO.: (510) 891-9800   FAX NO.: (510) 891-7030
ATTORNEY FOR (Name): Jose Aguilar

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

CASE NAME:
Aguilar v. ABC Janitorial

**FILED**

2018 MAY -8  P 2: 54

STEPHEN H. NASH
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA
K. VAQUERANO

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | C 18 - 00929 |
| | | | JUDGE: |
| | | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☐ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify):
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 8, 2018
Andrew Daniel Weaver, Esq.
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

First Legal
200 Webster #201
Oakland, CA 94607

COPY

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

**COPY**

AGUILAR VS AMERICAN BUILDING CLEANING

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSC18-00929

1.   NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE: 09/25/18    DEPT: 12    TIME: 8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)608-1000 for Unlimited Civil
and Limited Civil cases for assignment of an earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.   an order establishing a discovery schedule
    b.   an order referring the case to arbitration
    c.   an order transferring the case to limited jurisdiction
    d.   an order dismissing fictitious defendants
    e.   an order scheduling exchange of expert witness information
    f.   an order setting subsequent conference and the trial date
    g.   an order consolidating cases
    h.   an order severing trial of cross-complaints or bifurcating
         issues
    i.   an order determining when demurrers and motions will be filed

SANCTIONS

If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  05/10/18

                                    K. VAQUERANO
                                    Deputy Clerk of the Court

# EXHIBIT 3



UNITED STATES POSTAGE
PITNEY BOWES
$ 002.26⁰
02 1P        MAY 30 2018
0000912657
0000912657
MAILED FROM ZIP CODE 94612

**SCOTT COLE & ASSOCIATES, APC**
Attorneys and Counselors
The Tower Building
1970 Broadway, Ninth Floor
Oakland, California 94612

Kimberly Zapata
10011 Knobuak Drive, Apt. 60
Houston, TX 77080

COLE & ASSOCIATES, APC
E TOWER BUILDING
OADWAY, NINTH FLOOR
D, CALIFORNIA 94612

# EXHIBIT 4

1   JOHN F. McINTYRE, JR., ESQ., State Bar No. 172128
     KEVIN R. ELLIOTT, ESQ., State Bar No. 276295

2   SHEA & McINTYRE, A P.C.
     2166 The Alameda

3   San Jose, CA 95126-1144
     [408] 298-6611

4   [408] 275-0814 Facsimile
     Email: jmcintyre@sheamcintyre.com

5

6   Attorneys for Defendant
     AMERICAN BUILDING CLEANING, INC.

F I L E D

JUL - 6 2018

K. BIEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____
D. WAGNER

7

8          **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **IN AND FOR THE COUNTY OF CONTRA COSTA**

10

11   JOSE AGUILAR, individually, and on behalf of   No. C-18-00929
      all others similar situated,

12                             **ANSWER TO UNVERIFIED**
             Plaintiff,        **COMPLAINT**

13

14         v.

15   AMERICAN BUILDING CLEANING, INC., and
      DOES 1 through 100, inclusive,

16             Defendants.

17

18        Defendant, AMERICAN BUILDING CLEANING, INC., generally denies each and every

19   allegation of plaintiff's unverified Complaint pursuant to Section 431.30(d) of the California

20   Code of Civil Procedure.

21        This answering defendant further denies that plaintiff has sustained damage in any sum or

22   sums, or otherwise, or at all, due to any act or omission on the part of this answering defendant.

23        Separately and as defenses to each of the purported causes of action in plaintiff's

24   complaint, defendant alleges as follows:             BY FAX

25

26                        **FIRST DEFENSE**
              **(Failure to State a Cause of Action)**

27        The Complaint and each cause of action therein fails to state facts sufficient to constitute

28   a cause of action as against this answering defendant.

1
ANSWER TO UNVERIFIED COMPLAINT

1

2

### SECOND DEFENSE
#### (Failure to Mitigate)

3    Plaintiff failed subsequent to the occurrence described in the complaint property to

4    mitigate the damages and thereby is precluded from recovering those damages which could have

5    reasonably been avoided by the exercise of due care on the part of plaintiff.

6

### THIRD DEFENSE
#### (Reserve Right to Amend)

7

8    Defendant has not yet completed a thorough investigation and study and complete

9    discovery to all the facts and circumstances of the subject matter of this action, and accordingly

10    reserve the right to amend, modify, revise or supplement their answer, and to plead such further

11    defenses and to take such further action as they may deem proper and necessary in their defense

12    of this action.

13

### FOURTH DEFENSE
#### (Waiver)

14

15    By his actions, plaintiff has irrevocably waived any and all rights which he might

16    otherwise have had to assert any claim or claims whatever against this answering defendant.

17

### FIFTH DEFENSE
#### (Laches)

18

19    Plaintiff was guilty of laches with respect to plaintiff's claims and is therefore not entitled

20    to invoke the aid of the equity jurisdiction of the Court.

21

### SIXTH DEFENSE
#### (Unclean Hands)

22

23    It is alleged that plaintiff lacked clean hands with respect to the transaction or transactions

24    alleged in the complaint, and is therefore not entitled to invoke the equity jurisdiction of this

25    Court.

26

### SEVENTH DEFENSE
#### (Estoppel)

27

28    Plaintiff is estopped by reason of his conduct, acts or omissions, or those of his agents,

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

2
ANSWER TO UNVERIFIED COMPLAINT

1   from recovering against defendant on any causes of action contained in plaintiff's complaint.

### EIGHTH DEFENSE
### (Privilege)

Defendant's alleged conduct was privileged.

### NINTH DEFENSE
### (Collateral Estoppel Res Judicata)

Each cause of action is barred by the doctrines of collateral estoppel and/or res judicata.

### TENTH DEFENSE
### (Accord and Satisfaction)

Plaintiff and defendant entered into a full and complete accord and satisfaction which extinguished all obligations alleged to have been owed by defendant to plaintiff as set forth in plaintiff's complaint.

### ELEVENTH DEFENSE
### (After-Acquired Evidence)

After-acquired evidence of plaintiff's acts and/or omissions bars plaintiff from any remedies or from certain remedies.

### TWELFTH DEFENSE
### (Offset)

Defendant is entitled to offsets against any potential recovery by plaintiff.

### THIRTEENTH DEFENSE
### (Avoidable Consequences)

The complaint and each of its causes of action are barred by the doctrine of avoidable consequences.

### FOURTEENTH DEFENSE
### (Good Faith)

The complaint and each of its causes of action are barred in whole and in part because at all times relevant to the complaint, defendant had an honest, good faith belief that all decisions with respect to plaintiff's employment were made by defendants solely for legitimate, business-

SHEA & McINTYRE, A.P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

3
ANSWER TO UNVERIFIED COMPLAINT

1    related reasons and were reasonably based upon facts as defendant understood them.

2

### FIFTEENTH DEFENSE
3    **(Unjust Enrichment)**

4       The complaint and each of its causes of action are barred because any recovery from

5    defendant would result in plaintiff's unjust enrichment.

6

### SIXTEENTH DEFENSE
7    **(Statute of Limitations)**

8       The complaint and each of its causes of action are barred in whole and in part by all

9    applicable statutes of limitation, including but not limited to, California Code of Civil Procedure

10    § 338 and California Business and Professions Code § 17208.  Plaintiff's claim for penalties

11    under California Labor Code §§ 225.5, 226(e), 226.3 and, but not limited to, 558, are barred to

12    the extent they seek an award of penalties beyond the one-year limitation period contained in

13    California Code of Civil Procedure § 340(a).

14

### SEVENTEENTH DEFENSE
15    **(Failure to Exhaust Administrative Remedies)**

16       Plaintiff has failed to exhaust his administrative remedies under Labor Code Private

17    Attorneys' General Act (PAGA) and therefore is not entitled to relief under the Act.

18

### EIGHTEENTH DEFENSE
19    **(No Illegal Policy)**

20       Defendant did not have a policy or practice of failing to provide meal breaks and rest

21    periods required by applicable law or regulation.

22

### NINETEENTH DEFENSE
23    **(Good Faith)**

24       Plaintiff is not entitled to any penalty award because Defendant did not wilfully fail to

25    comply with the compensation provisions of the California Labor Code, or applicable Wage

26    Orders, but rather, acted in good faith and had reasonable grounds for believing it did not violate

27    them.

28

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

4
ANSWER TO UNVERIFIED COMPLAINT

1

2

### TWENTIETH DEFENSE
### (De Minimis)

3      The complaint and each of its causes of action are barred in whole or in part because

4   some or all of the disputed time for which plaintiff seeks recovery of wages purportedly owed is

5   not compensable pursuant to the *de minimis* doctrine.

6

7

### TWENTY-FIRST DEFENSE
### (Breaks Provided)

8      The complaint and its causes of action for failure to provide meal and rest breaks under

9   California Labor Code §§ 226.7 and 512 is barred because defendant provided such breaks, and

10   plaintiff freely waived any and all meal or rest breaks that he did not take.

11

12

### TWENTY-SECOND DEFENSE
### (Breaks Authorized)

13      The complaint and each of its causes of action for failure to provide meal and rest breaks

14   under California Labor Code §§ 226.7 and 512 is barred because defendant authorized and

15   permitted such breaks, and plaintiff freely waived any and all meal or rest breaks that he did not

16   take.

17

18

### TWENTY-THIRD DEFENSE
### (No Knowing and Intentional Failure)

19      The complaint and its causes of action for failure to provide itemized wage statements

20   under California Labor Code § 226(a) is barred on the grounds that there was no "knowing and

21   intentional failure" on defendant's part to provide proper itemized earning statements, nor did

22   plaintiff suffer injury as a result of any alleged violation of California Labor Code § 226.

23   Further, such action is barred to the extent that defendant's failure, if any, to provide accurate

24   wage statements was inadvertent and/or due to clerical error.

25

26

### TWENTY-FOURTH DEFENSE
### (No Standing for Injunctive Relief)

27      To the extent plaintiff is no longer employed by defendant, he lacks standing to seek

28   injunctive relief.

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

5
ANSWER TO UNVERIFIED COMPLAINT

1

2

### TWENTY-FIFTH DEFENSE
#### (No Injury to Competition)

3          Plaintiff's sixth cause of action under California Business and Professions Code § 17200,

4   et seq., is barred because plaintiff cannot show injury to competition, as distinguished from

5   injury to plaintiff, which such injury defendant denies.

6

7

### TWENTY-SIXTH DEFENSE
#### (No Deception)

8          Plaintiff's sixth cause of action under California Business and Professions Code § 17200,

9   et seq., is barred because plaintiff cannot show deception upon the public.

10

11

### TWENTY-SEVENTH DEFENSE
#### (Private Litigant)

12         Plaintiff's sixth cause of action is barred because plaintiff, as a private litigant, lacks

13  standing to bring a cause of action for damages under California Business and Professions Code

14  § 17203.

15

16

### TWENTY-EIGHTH DEFENSE
#### (No Quantifiable Sum)

17         Plaintiff's sixth cause of action under California Business and Professions Code § 17200,

18  et seq., is barred because he is not seeking recovery of a quantifiable sum owed by defendant to

19  plaintiff.  Further, California Business and Professions Code § 17200, et seq., as stated and has

20  sought to be applied by plaintiff in plaintiff's sixth cause of action, violate defendant's rights

21  under the United States Constitute and California Constitution in that, among other things, they

22  are void for vagueness, violative of equal protection, violative of due process, and undue burden

23  on interstate commerce and violative of freedom of contract.  In addition, the sixth cause of

24  action is barred in whole or in part because the remedy under California Business and

25  Professions Code for such actions is limited to restitution and injunctive relief.

26

27

### TWENTY-NINTH DEFENSE
#### (Good Faith Dispute)

28         Plaintiff's claims are barred in whole or in part because a good faith dispute exists

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

6

ANSWER TO UNVERIFIED COMPLAINT

1  regarding whether wages and/or overtime are due.  (8 Cal. Code Reg. § 13520)

2
3
**THIRTIETH DEFENSE**
**(Adequate Remedy at Law)**

4       Plaintiff's request for declaratory relief and for disgorgement fail because he, or the

5  persons he purports to represent, have adequate remedies at law.

6
7
**THIRTY-FIRST DEFENSE**
**(Conditions Precedent)**

8       Plaintiff's claims for unpaid wages are barred because plaintiff failed to meet the

9  conditions precedent for the payment of such wages.

10
11
**THIRTY-SECOND DEFENSE**
**(No Consideration)**

12       Plaintiff's claims for unpaid wages are barred because plaintiff failed to perform all duties

13  and obligations necessary to earn the wages, or otherwise failed to provide the consideration

14  required or the payment of wages.

15       WHEREFORE, the defendant prays that plaintiff take nothing by the Complaint on file

16  herein; that defendant be hence dismissed with costs including attorneys' fees; and for such other

17  and further relief as the Court may deem just and proper.

18

19  Dated:  July  5 , 2018                    SHEA & McINTYRE, A P.C.

20

21                                           By_____
                                             JOHN F. McINTYRE, JR., Attorneys for
22                                           Defendant, AMERICAN BUILDING
                                             CLEANING, INC.
23

24

25

26

27

28

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

7
ANSWER TO UNVERIFIED COMPLAINT

1   **Case Name:**   *Jose Aguilar v. American Building Cleaning, Inc., et al.*
    **Court:**       **Contra Costa County Superior Court**
2   **Case No.**     **C-18-00929**
    **Our File No.** 19970-001

3   <hr>

                                 **PROOF OF SERVICE**
4
    STATE OF CALIFORNIA          ]
5                                ] ss.
    COUNTY OF SANTA CLARA        ]
6
           I am a citizen of the United States and a resident of the County of Santa Clara, State of
7   California; I am over the age of eighteen years and not a party to the within action; my business
    address is 2166 The Alameda, San Jose, CA 95126-1144.  On the date set forth below, I served the
8   document[s] described as:

9                          **ANSWER TO UNVERIFIED COMPLAINT**

10  on the following person[s] in this action by placing a true copy thereof enclosed in a sealed envelope
    addressed as follows:

11  Andrew Daniel Weaver, Esq.                      Attorney for Plaintiff
    1970 Broadway, 9th Floor
12  Oakland, California 94612-2228

13
    [X]    [BY MAIL] I caused such envelope[s] with postage thereon fully prepaid to be placed in the
14         United States mail at San Jose, California.

15  [ ]    BY PERSONAL SERVICE I caused such envelopes, as indicated above, to be delivered by
           hand this date to the offices of the addressees.

16
    [ ]    [BY FACSIMILE] I caused such document[s] to be transmitted by facsimile on this date to
17         the offices of addressee[s] and the facsimile machine complies with Rule 2.301 of the
           California Rules of Court and was reported as complete and without error at the time specified
18         on the transmission confirmation report and was properly issued by the transmitting facsimile
           machine operating at [408] 275-0814.

19  [ ]    [BY ELECTRONIC MAIL] I caused such document[s] to be transmitted by electronic mail
20         on _____, to the offices of addressee[s] without return error notification from
           electronic mail address kelliott@sheamcintyre.com.

21  [ ]    [BY FEDERAL EXPRESS] I caused such envelope[s] with postage thereon fully prepaid to
22         be placed for collection by Federal Express at San Jose, California.

23  [X]    [STATE I declare under penalty of perjury under the laws of the State of California that the
           foregoing is true and correct.

24
           Executed on July 5, 2018,  at San Jose, California..
25
26                                                      Cindy M. Rubi
27
28

Y:\a\American Building Cleaning\Pleadings\POS re Answer 070518.wpd

# EXHIBIT 5

1  JOHN F. McINTYRE, JR., ESQ., State Bar No. 172128
   KEVIN R. ELLIOTT, ESQ., State Bar No. 276295
2  SHEA & McINTYRE, A P.C.
   2166 The Alameda
3  San Jose, CA 95126-1144
   [408] 298-6611
4  [408] 275-0814 Facsimile
   Email: jmcintyre@sheamcintyre.com
5
   Attorneys for Defendant
6  AMERICAN BUILDING CLEANING, INC.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 JOSE AGUILAR, individually, and on behalf of      ]   No.
   all others similar situated,                      ]
12                                                    ]   **DECLARATION OF JOHN F.**
                      Plaintiff,                      ]   **McINTYRE, JR. IN SUPPORT OF**
13                                                    ]   **NOTICE OF REMOVAL OF CIVIL**
            v.                                        ]   **ACTION FROM STATE COURT**
14                                                    ]   **PURSUANT TO 28 U.S.C. §§ 1332,**
   AMERICAN BUILDING CLEANING, INC., and              ]   **1441 AND 1446**
15 DOES 1 through 100, inclusive,                     ]
                                                      ]
16                    Defendants.                     ]
                                                      ]
17 ─────────────────────────────────────────────────

18

19         I, John F. McIntyre, Jr., hereby declare as follows:

20         1.      I am the attorney for defendant, AMERICAN BUILDING CLEANING, INC.

21 ("Defendant") herein.  This declaration is based on my personal knowledge, except for those

22 items stated on information and belief, and as to those matters, I believe them to be true.  This

23 declaration is made in support of notice of removal by Defendant herein, and if called upon to

24 testify, I could and would competently testify to the facts set forth in this declaration.

25         2.      In this declaration, I provide estimates of what plaintiff *may* recover *if* he prevails.

26 By estimating the amount Plaintiff may recover if he prevails, Defendant does not concede that

27 Plaintiff will prevail on any of his claims or that, if he prevails, he is entitled to damages in any

28 particular amount or at all. Defendant reserves the full right to dispute Plaintiff's claims with

   respect to both liability and damages.

1
DECLARATION OF JOHN F. McINTYRE, JR. IN SUPPORT OF  NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446

3.      The complaint does not allege an amount of damages as to each of Plaintiff's individual claims.  The complaint asserts the following causes of action: (1) Unlawful failure to pay wages; (2) Failure to provide meal and rest periods; (3) Failure to provide accurate itemized wage statements; (4) Failure to pay wages on termination; (5) Failure to reimburse expenses and/or prohibited cash bond; and (6) Unfair business practices under the Unfair Competition Act.  The complaint also seeks an award of attorneys fees and costs of suit.

4.      Plaintiff JOSE AGUILAR brings claims for violations of various sections of the California Labor Code.  Many of these provisions allow for a successful plaintiff to be awarded reasonable attorney's fees.  (See e.g. Labor Code §§ 226, 1194, and 2802.)

5.      Attached to the Notice of Removal as **Exhibit 6** is a true and correct copy of a Declaration of Matthew R. Bainer, Esq. which was filed in another case by the law firm representing Plaintiff in this matter Scott Cole & Associates ("SCA").  In Mr. Bainer's declaration he states SCA spent over 300 hours litigating a case with similar claims as those raised in this case.  (Bainer Decl. ¶ 7.) Those 300 hours were incurred over a course of about 22 months.  (Bainer Decl. ¶ 3.)  That case was settled and did not go to trial. (Bainer Decl. ¶ 5.)  Exhibit B to the Bainer Declaration shows the hourly rates of various attorneys and paralegals/assistants who work for SCA.  SCA claims billing rates of between $320 and $700 per hour for its attorneys and $180 per hour for paralegals/assistants as of February 2016.

6.      I have been licensed to practice law in California for over 20 years (since 1994) and I have brought numerous cases to trial and am familiar with the time it takes to conduct litigation.  I have litigated numerous class action cases as both defense and plaintiff's counsel.  In my experience it is not uncommon for complex class action cases to consume hundreds of hours of attorney time.  The average hourly rate for the attorneys with SCA is about $520 per hour.  ($700+320 / 2 = $520).   (Bainer Decl. ¶ 7.)  At that average hourly rate, Plaintiff's attorneys would only need to spend 145 hours on this case to overtake the jurisdictional threshold in this case.  ($520 x 145 hours = $75,400).

7.      In my opinion, the plaintiff's attorneys will likely spend more than 145 hours just to get this case to a hearing on a class certification motion.  If this case goes to trial, it will likely

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

2
DECLARATION OF JOHN F. McINTYRE, JR. IN SUPPORT OF  NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446

1    be two times that amount.

2        8.    I am informed and believe plaintiff was paid at a rate of $100 per job (which did

3    not take longer than 7 hours).  (Zapata Decl. ¶ 5.)  At that rate, plaintiff's regular rate of pay was

4    about $14.28 per hour ($100 / 7 hours = $14.28) and his premium overtime rate would be about

5    $21.42 per hour ($14.28 x 1.5)  I am informed and believe Plaintiff worked for Defendant for

6    about 13 months.  (Zapata Decl. ¶ 5.)  The Complaint in this matter alleges plaintiff was not paid

7    premium overtime compensation for work over 8 hours in a day or over 40 hours in a week.

8    (Complaint, ¶ 30.)  The Complaint does not disclose the amount of overtime hours claimed, but

9    even if the overtime claimed was only 10 hours per week, the amount of overtime pay claimed by

10   plaintiff would total about $11,781 ($21.42x10 hours = $210.42 x 55 weeks = **$11,781**.)

11       9.    Plaintiff alleges in the Complaint that Defendant did not provide meal and rest

12   periods as required by law and never paid the premium to Plaintiff for any missed meal and rest

13   periods.  (Complaint, ¶¶ 39-49.)  At five (5) days of work per week and a missed meal period and

14   a missed rest period missed each day, Plaintiff's claims on this cause of action could total 550

15   missed meal periods and rest breaks.  (5 days per week x 55 weeks = 275 days of work) (275 x 2

16   (one of each a meal period and rest break each day) = 550 potential violations).  Thus, the

17   potential damages on this claim total **$7,854** ($14.28 x 550).

18       10.   Plaintiff alleges in the Complaint that the wage statements he received were

19   inaccurate in violation of Labor Code § 226.  (Complaint, ¶¶ 50-56.)  I am informed and believe

20   Plaintiff was employed by Defendant for about 13 months or about 55 weeks.  (Zapata Decl. ¶ 5.)

21   I am informed and believe Plaintiff was paid two times a month and received a total of about 25

22   paychecks.  Thus, the potential damages on this claim total **$2,450**.  ($50 + $100 x 24 = $2,450)

23   (See Labor Code § 226)

24       11.   Plaintiff alleges in the Complaint that he was not paid all wages at the termination

25   of his employment as required by California law.  (Complaint, ¶¶ 57-61.)  At the regular rate of

26   pay of $14.28, Plaintiff's claim under this cause of action likely totals about **$3,427.20** ($14.28 x

27   8 x 30).  (See *Mamika v. Barca*, 68 CalApp. 4th 487, 492 (1998).)

28       12.   Plaintiff alleges in the Complaint that he was not reimbursed all business

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

3

DECLARATION OF JOHN F. McINTYRE, JR. IN SUPPORT OF  NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446

1    expenses.  (Complaint, at p. 14:5-15:13)  Plaintiff does not disclose the amount of this claim or

2    how it is calculated, but assuming Plaintiff is claiming mileage for driving to work locations, that

3    claim could total around **$5,885.**  (At 40 miles per work day x 5 days per week x 55 weeks =

4    11,000 miles x $0.535 per mile = $5,885)

5         13.    Plaintiff alleges in the Complaint that he is entitled to a penalty pursuant to Labor

6    Code § 1174.5 for Defendant's alleged failure to maintain records required by law.  (Complaint,

7    at p. 17:10-11).  The penalty permissible under Labor Code § 1174.5 is **$500.**

8         14.    When totaled, Plaintiff alleges claims that likely total about **$31,897.20** plus

9    attorneys fees and costs of suit.

10        15.    As stated above, Plaintiff's attorneys have claimed their average hourly rate is

11   $520 per hour.  If Plaintiff's claims total $31,897.20, then Plaintiff's attorneys would only need

12   to spend about 83 hours on this case to ensure the claims exceed the jurisdictional amount.

13   ($75,000-$31,897.20=$43,102.80/$520 = 82.89 hours).  In my opinion it is unquestionable and

14   unavoidable for the plaintiff's attorneys to spend at least 83 hours taking this case through trial

15   and more likely will be two times that amount.

16        I declare under penalty of perjury under the laws of the State of California that the

17   foregoing is true and correct, and that this declaration was executed on the ___9th___ day of July

18   2018, at San Jose, California.

19

20                                            JOHN F. McINTYRE, JR.

21

22

23

24

25

26

27

28

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

4

DECLARATION OF JOHN F. McINTYRE, JR. IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446

# EXHIBIT 6

1    Scott Edward Cole, Esq. (S.B. #160744)
     Matthew R. Bainer, Esq. (S.B. #220972)
2    **SCOTT COLE & ASSOCIATES, APC**
     1970 Broadway, Ninth Floor
3    Oakland, California 94612
     Telephone: (510) 891-9800
4    Facsimile:  (510) 891-7030
     Email:  scole@scalaw.com
5    Email:  mbainer@scalaw.com
     Web:    www.scalaw.com
6
     Attorneys for Representative Plaintiff
7    Flor Khan and the Plaintiff Class

8                    **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10

11   DAVID BERRY, individually as an           )   Lead Case No. 13-cv-02628-JSW
     aggrieved employee, and on behalf of      )   Case No. 14-cv-00024-JSW
12   others similarly situated,                )   Case No. 14-cv-01580-JSW
                                               )   Case No. 14-02601-JSW
13                    Plaintiff,               )
                                               )   **CLASS ACTION**
14          vs.                                )
                                               )   **DECLARATION OF MATTHEW R. BAINER,**
15   URBAN OUTFITTERS                          )   **ESQ. IN SUPPORT OF MOTION FOR**
     WHOLESALE, INC., a Pennsylvania           )   **ATTORNEYS' FEES, COSTS AND**
16   corporation; and DOES 1 through 100,      )   **EXPENSES, AND CLASS**
     inclusive,                                )   **REPRESENTATIVE INCENTIVE AWARDS**
17                                             )
                      Defendant.               )   **Date:    March 25, 2016**
18                                             )   **Time:    9:00 a.m.**
                                               )   **Place:   Courtroom 5**
19   _____  )   **Judge:   Honorable Jeffrey S. White**
                                               )
20   JASMIN PEREZ, and KYLE                    )
     MILLER, individuals, on behalf of         )
21   themselves, on behalf of all persons      )
     similarly situated, and as the            )
22   representative of the State of            )
     California,                               )
23                                             )
                      Plaintiff,               )
24                                             )
            vs.                                )
25                                             )
     URBAN OUTFITTERS, INC., a                 )
26   Corporation, and DOES 1 through 50,       )
     inclusive,                                )
27                                             )
                      Defendant.               )
28   _____  )

-1-
Declaration of Matthew R. Bainer, Esq. in Support of Motion for Attorneys' Fees and Costs

ZAYDA SANTIZO, individually, as an
aggrieved employee, and on behalf of
others similarly situated,

          Plaintiff,

    vs.

URBAN OUTFITTERS
WHOLESALE, INC., a Pennsylvania
corporation; and DOES 1 through 100,
inclusive,

          Defendant.

FLOR KHAN, individually, and on
behalf of all others similarly situated,

          Plaintiff,

    vs.

URBAN OUTFITTERS WEST, INC.,
and URBAN OUTFITTERS
WHOLESALE, INC.,

          Defendants.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

I, Matthew R. Bainer, do hereby declare as follows:

    1.    I am an attorney-at-law, licensed to practice in all jurisdictions of this State, and I am the Senior Associate Attorney with the law offices of Scott Cole & Associates, APC ("SCA"), attorneys-of-record for Plaintiff Flor Khan ("Plaintiff") and the plaintiff class in the above-entitled proceeding.

    2.    I make these statements based on personal knowledge, would so testify if called as a witness at trial, and have personal knowledge of the foregoing. I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs and Expenses, and Class Representative Incentive Awards.

    3.    Plaintiff filed this case on June 5, 2014 in this Court (Plaintiff originally filed her case in San Francisco Superior Court on April 11, 2014, but soon thereafter dismissed the case to join the related cases pending in federal court). Plaintiff brought claims for (1) failure to provide meal and

1   rest breaks; (2) unlawful failure to pay wages; (3) failure to provide accurate itemized wage

2   statements; (4) unfair business practices; and (5) a claim for penalties under the Labor Code Private

3   Attorneys General Act. These claims arose primarily out of Defendants Urban Outfitters, Inc. and

4   Urban Outfitters Wholesale, Inc.'s (collectively "Defendant") policy of requiring its non-exempt

5   retail employees ("class members") to undergo security searches without compensation.

6          4.      This case was eventually consolidated with three other related cases bringing similar

7   wage & hour claims: (1) *David Berry v. Urban Outfitters Wholesale, Inc., et al.* N.D. Cal. Case No.

8   CV 13-02628-JSW; (2) *Jasmin Perez v. Urban Outfitters, Inc.*, N.D. Cal. Case No. CV 14-00024-

9   JSW; and (3) *Zayda Santizo v. Urban Outfitters Wholesale, Inc.*, N.D. Cal. Case No. CV14-01580-

10  JSW. Following consolidation Plaintiff and Defendant exchanged initial disclosures. Defendant

11  propounded and Plaintiff responded to a lengthy set of document requests and interrogatories. After

12  meeting and conferring with Defendant, Plaintiff served supplemental interrogatory responses.

13  Additionally, Plaintiff appeared and testified for a full day deposition, defended by her counsel SCA.

14  Plaintiff and her counsel also attended at least one settlement conference before the Court.

15         5.      The parties reached a class settlement following several settlement conferences before

16  the Court. The settlement was preliminarily approved on December 2, 2015. The settlement provides

17  for an award of up to one-third of the common fund ($1,666,667) in attorneys' fees and for

18  enhancement awards to the named plaintiffs ($15,000 for Plaintiff Berry and $10,000 each for

19  Plaintiffs Khan, Miller, Perez, and Santizo). On January 26, 2016, counsel in the other consolidated

20  actions filed their motion for fees.

21         6.      Plaintiff's efforts actively advanced the *Berry* litigation, and the settlement

22  specifically, through the prosecution of her case. Additionally Plaintiff dutifully performed her role

23  as class representative. Among other efforts, Plaintiff provided detailed background information

24  about Defendant's policies and procedures and the day-to-day mechanics of Defendant's operations,

25  she appeared for and testified for a full day deposition, she assisted SCA in responding to

26  Defendant's discovery requests, and she remained in regular contact with SCA throughout the

27  prosecution of her case. She also assumed all of the risks attendant to being a named plaintiff in a

28  class action case, including impediments to future employment and being liable for Defendant's

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1     costs in the event of an adverse judgment. A true and correct of the Declaration of Flor Khan is

2     attached hereto as **Exhibit "A."**

3           7.     SCA has spent over 300 hours prosecuting this action and has generated a lodestar

4     amounting to $117,634. A true and correct copy of SCA's Lodestar is attached hereto as **Exhibit**

5     **"B."**

6           8.     SCA's work helped create and increase the common fund. The filing and prosecution

7     of the *Khan* action increased the risk and pressure on Defendant as it had to defend against four class

8     actions. This unquestionably increased the pressure on Defendant to settle and gave Plaintiffs more

9     leverage to negotiate favorable terms for the class members. A true and correct copy of SCA's

10     professional resume, which outlines some of the firm's experience with class/complex litigation, is

11     attached hereto as **Exhibit "C."**

12           9.     In the course of this litigation, SCA incurred costs in the form of filing fees,

13     photocopies, fax, travel, postage, and telephone charges totaling $4,979.28 (as of February 1, 2016),

14     and will incur additional expenses through the completion of the distribution process including, but

15     not limited to, photocopies, fax, postage and telephone charges. A true and correct copy of SCA's

16     cost journal is attached hereto as **Exhibit "D."** The expenses listed in **Exhibit "D"** are reflected in

17     SCA's books and records maintained in the ordinary course of business and are prepared from

18     expense vouchers and check records.

19

20       I declare under penalty of perjury under the laws of the State of California that the foregoing

21     is true and correct.

22

23       Executed this 2nd of February, 2016 at Oakland, California.

24

25

26         Matthew R. Bainer, Esq.

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

# EXHIBIT A

1  Scott Edward Cole, Esq. (S.B. #160744)
   Matthew R. Bainer, Esq. (S.B. #220972)
2  **SCOTT COLE & ASSOCIATES, APC**
   1970 Broadway, Ninth Floor
3  Oakland, California 94612
   Telephone: (510) 891-9800
4  Facsimile:  (510) 891-7030
   Email:  scole@scalaw.com
5  Email:  mbainer@scalaw.com
   Web:    www.scalaw.com
6
   Attorneys for Representative Plaintiff
7  Flor Khan and the Plaintiff Class

8                  **UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10

11  DAVID BERRY, individually as an         )  Lead Case No. 13-cv-02628-JSW
    aggrieved employee, and on behalf of    )  Case No. 14-cv-00024-JSW
12  others similarly situated,              )  Case No. 14-cv-01580-JSW
                                            )  Case No. 14-02601-JSW
13              Plaintiff,                  )
                                            )  **CLASS ACTION**
14      vs.                                 )
                                            )  **DECLARATION OF REPRESENTATIVE**
15  URBAN OUTFITTERS                        )  **PLAINTIFF FLOR KHAN IN SUPPORT OF**
    WHOLESALE, INC., a Pennsylvania         )  **MOTION FOR ATTORNEYS' FEES, COSTS**
16  corporation; and DOES 1 through 100,    )  **AND EXPENSES, AND CLASS**
    inclusive,                              )  **REPRESENTATIVE INCENTIVE AWARDS**
17                                          )
              Defendant.                    )  **Date:**    **March 25, 2016**
18                                          )  **Time:**    **9:00 a.m.**
                                            )  **Place:**   **Courtroom 5**
19  _____        )  **Judge:**   **Honorable Jeffrey S. White**
                                            )
20  JASMIN PEREZ, and KYLE                  )
    MILLER, individuals, on behalf of       )
21  themselves, on behalf of all persons    )
    similarly situated, and as the          )
22  representative of the State of          )
    California,                             )
23                                          )
              Plaintiff,                     )
24                                          )
        vs.                                 )
25                                          )
    URBAN OUTFITTERS, INC., a               )
26  Corporation, and DOES 1 through 50,     )
    inclusive,                              )
27                                          )
              Defendant.                     )
28  _____        )

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

DocuSign Envelope ID: 129CADBE-D5CF-4898-BDCF-AE23633A064D

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

ZAYDA SANTIZO, individually, as an )
aggrieved employee, and on behalf of )
others similarly situated, )
)
)
            Plaintiff, )
)
    vs. )
)
URBAN OUTFITTERS )
WHOLESALE, INC., a Pennsylvania )
corporation; and DOES 1 through 100, )
inclusive, )
)
            Defendant. )
)
FLOR KHAN, individually, and on )
behalf of all others similarly situated, )
)
)
            Plaintiff, )
)
    vs. )
)
URBAN OUTFITTERS WEST, LLC, )
and DOES 1 through 100, inclusive, )
)
            Defendant. )
)

I, Flor Khan, do hereby declare as follows:

1.      I have personal knowledge of the facts set forth in this declaration and if called as a witness I could and would testify competently thereto. I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs and Expenses, and Class Representative Incentive Awards.

2.      I was employed by Defendants as a non-exempt, hourly-paid sales associate from November to December, 2013 at an Urban Outfitters retail store in San Francisco, California. I resigned from my position. I brought this action to redress certain employment-related grievances that my co-workers and I have against Defendants, e.g., that Defendants failed to provide meal and rest breaks and failed to compensate employees for time spent "off-the-clock" undergoing security inspections. I have served as the class representative in this case since it was first filed by my counsel, Scott Cole & Associates, APC ("SCA"), on or about April 11, 2014.

DocuSign Envelope ID: 129CADBE-D5CF-4898-BDCF-AE23633A064D
Case 4:13-cv-02628-JSW    Document 107-2    Filed 02/02/16    Page 4 of 23

3.    By deciding to file this lawsuit, I agreed to pursue not only my own potential wage and hour claims, but the claims of all similarly situated employees, and if necessary, to put the interests of the class ahead of my own. I have also agreed to participate actively in the lawsuit and to assume the risks of serving as a named Plaintiff.

4.    I have spent a substantial amount of time and energy contributing to the investigation, prosecution, and settlement of this case. This case has been pending for nearly two years and I have spent many hours on it performing, without limitation, the following tasks:

   a.    Talking to SCA about filing the case;

   b.    Being interviewed in detail by SCA regarding working conditions at Urban Outfitters, and particularly its meal and rest break and security inspection policies;

   c.    Helping SCA obtain information about the organizational structure of Urban Outfitters and the job duties I and other employees performed;

   d.    Searching for any relevant documents in my possession;

   e.    Appearing and testifying for a full day deposition;

   f.    Appearing at least one Court proceeding;

   g.    Regularly receiving and responding to emails and phone calls from my attorneys;

   h.    Assisting SCA in responding to discovery from Defendants; and

   i.    Reviewing the Settlement Agreement and discussing it with my attorneys.

5.    I estimate that I have spent between 30 and 50 hours working on this case.

6.    Because of my initiation of this lawsuit, I expect that wherever I work my employer and immediate supervisors will have heard of my involvement in this case. For example, if any future prospective employers enter my name and "Urban Outfitters" into google.com, the first page of results contains multiple references to this litigation. A true and correct copy of a screenshot of these search results as of January 28, 2016 is attached hereto as **Exhibit "A."** This guarantees that any prospective employer doing a cursory internet search on me will learn of my role in this

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

DocuSign Envelope ID: 129CADBE-D5CF-4898-BDCF-AE23633A064D

1  litigation. Although they are not supposed to retaliate against me, I think the reality is that I will

2  experience a certain stigma for years to come.

3       7.     I took a huge risk by coming forward and filing this class action. If I lost the case and

4  had to pay Defendants' litigation costs, it would have been financially devastating to me.

5       8.     Moreover, in order to effectuate the instant Settlement for the benefit of the Class, I

6  had to execute a general release, including a Civil Code section 1542 waiver.

7       9.     I completely endorse Class Counsel's request for attorneys' fees. They took this case

8  on a contingency basis and worked for everyone in the Class. They deserve to be paid for their good

9  work.

10       10.     I have not been promised and I will not receive any undisclosed compensation in this

11  lawsuit outside of my share as a class member and whatever enhancement award the Court approves

12  at the final approval hearing.

13

14       I declare under penalty of perjury under the laws of the State of California that the foregoing

15  is true and correct.

16

17

18  Executed this ____31____ of January, 2016 at __San Francisco_____, California.

19

20  Flor Khan
    86A139D24CE24E6...

21  Flor Khan

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-4-

Declaration of Representative Plaintiff Flor Khan in Support of Motion for Attorneys' Fees and Costs

DocuSign Envelope ID: 129CADBE-D5CF-4898-BDCF-AE23633A064D

# EXHIBIT A

Google

flor khan urban outfitters

Sign in

All    Images    News    Maps    Videos    More ▾    Search tools

About 34,500 results (0.59 seconds)

**Flor Khan v. Urban Outfitters West, Llc Et Al :: Superior Court ...**
www.plainsite.org/dockets/.../flor-khan-v-urban-outfitters-west-llc-et-al/
Notice Of Unavailability Of Cole, Scott E On Aug-21-2014 Through Aug-29-2014 (
transaction Id # 55915239) Filed By Plaintiff **Khan**, **Flor** Individuallly, And On ...

**Khan v. Urban Outfitters, Inc. et al :: Justia Dockets & Filings**
https://dockets.justia.com/docket/california/candce/3.../278057 ▾
Jun 5, 2014 - **Khan** v. **Urban Outfitters**, Inc. et al ... Plaintiff: **Flor Khan**. Defendant:
**Urban Outfitters**, Inc. and **Urban Outfitters** Wholesale, Inc.

**Khan v. Urban Outfitters, Inc. et al - Law360**
www.law360.com/cases/53910cf6767a7c10c5000001 ▾ Law360 ▾
... case **Khan** v. **Urban Outfitters**, Inc. et al, case number 3:14-cv-02601, from
California Northern Court. ... Plaintiff. **Flor Khan** ... **Urban Outfitters** Wholesale, Inc.

**Urban Outfitters Inks $5M Deal With Employees In OT Row ...**
www.law360.com/.../**urban-outfitters**-inks-5m-deal-with-employ... ▾ Law360 ▾
Nov 2, 2015 - **Urban Outfitters** has reached a $5 million settlement agreement in ...
Lead plaintiffs David Berry, **Flor Khan**, Kyle Miller, Jasmin Perez and ...

**Khan v. Urban Outfitters, Inc. et al - Law360**
www.law360.com/cases/53b1f4c97512771df4000001 ▾ Law360 ▾
... case **Khan** v. **Urban Outfitters**, Inc. et al, case number 4:14-cv-02601, from
California Northern Court. ... Plaintiff. **Flor Khan** ... **Urban Outfitters** Wholesale, Inc.

**Berry v. Urban Outfitters Wholesale, Inc. - Leagle.com**
www.leagle.com/.../Berry%20v.%20Urban%20Outfitters%20Wholesale,... ▾
May 22, 2015 - **FLOR KHAN**, individually, and on behalf of all others similarly situated,
Plaintiff, v. **URBAN OUTFITTERS** WEST, LLC, and DOES 1 through 100, ...

[PDF] **Courtland W. C - Scott Cole & Associates**
www.scalaw.com/.../**Khan**%20vs.%20**Outfitters**_CMP%20(US... ▾
Jun 5, 2014 - This is a class action, brought on behalf of **Flor Khan** (hereinafter " ...
non-exempt retail store employees by defendants **Urban Outfitters**, Inc.

**Flor Khan | LinkedIn**
https://www.linkedin.com/in/**flor-khan**-59695971
San Francisco, Califoria - Research Assistant at New York University - San Francisco
State University Step to College Program
View **Flor Khan's** professional profile on LinkedIn. ... driving equity and access in
**urban**, suburban, and rural school settings - especially when confronting issues ...

**Khan v. Urban Outfitters, Inc. et al - PacerMonitor**
https://www.pacermonitor.com/public/case/.../**Khan_v_Urban_Outfitters** ▾
**Khan** v. **Urban Outfitters**, Inc. et al (3:14-cv-02601), California Northern District Court,
Filed: 06/05/2014 - PacerMonitor Mobile Federal and Bankruptcy Court ...

**Flor Khan (@wanderlust_bones) • Instagram photos and ...**
https://www.instagram.com/wanderlust_bones/?hl=en ▾
**Flor Khan**. SF Artist/ Poet/ Educator/ Globetrotter. 267 posts; 335 followers; 262
following. I am the Poem of Earth, said the voice of the rain. Eternal I. All journeys ...

**FLOR Carpet Tiles**
Ad  www.flor.com/ ▾
Make Unique, Eco-Friendly Rugs With **FLOR** Carpet Tiles. Shop Now!
See Why People Love Us · Many Colors & Styles · Unique & Trendy Rugs
Categories: Area Rugs, Accessories...
Pre-Designed Rugs - Shop By Color - Get The FLOR Catalog - Shop Best Sellers

# EXHIBIT B

**Scott Cole & Associates, APC**
**Khan v. Urban Outfitters**
**Lodestar Report as of January 28, 2016**

| Name | Duration | Billing Rate | Extension |
|------|----------|--------------|-----------|
| Brandon D. Eisenberg | 32.2 | 180.0 | 5796.0 |
| Christopher B. Johnson | 13.1 | 375.0 | 4891.0 |
| Courtland W. Creekmore | 23.2 | 525.0 | 12132.0 |
| Daniel C. Keller | 32.1 | 180.0 | 5778.0 |
| Jessica L. Campbell | 0.2 | 320.0 | 64.0 |
| Mari L. Medrano | 66.5 | 180.0 | 11970.0 |
| Matthew R. Bainer | 24.7 | 525.0 | 12945.0 |
| Molly A. Desario | 4.0 | 525.0 | 2087.0 |
| Scott E. Cole | 59.6 | 700.0 | 41720.0 |
| Sonny L. Hoang | 0.2 | 375.0 | 74.0 |
| Stephen N. Ilg | 54.0 | 375.0 | 20177.0 |
| **TOTAL** | **309.8** | | **$ 117,634.00** |

# EXHIBIT C

# Scott Cole & Associates, APC
### Class Action Attorneys

## Firm Resume & Overview

**Introduction**:

Scott Cole & Associates, APC ("SCA") represents individuals in employment and consumer class action litigation. Founded in 1992, SCA has been devoted primarily to such matters, having litigated hundreds of cases against businesses of all types and in nearly every industry imaginable. The members of SCA have extensive experience prosecuting class/complex actions, both in a sole counsel capacity and in leadership positions, oftentimes among many firms, in California and nation-wide litigation, have published articles dealing with various substantive issues as well as class action litigation/procedure, speak regularly at public events, and have served as consulting experts in class action litigation. For over two decades, the firm has recovered hundreds of millions of dollars to hundreds of thousands of workers and consumers, been involved in record-setting resolutions and helped achieve the correction of numerous unlawful employment and consumer fraud practices.

**Attorney Backgrounds, Education and Professional Affiliations**:

In addition to an extensive staff of paralegal and other legal support personnel, the firm's practice is lead by the following attorneys, listed here by seniority with the firm.

Scott Edward Cole, Esq.
Born December 28, 1965 in San Pablo, California. San Francisco State University, B.A., Speech Communications (Individual Major in Rhetoric), 1989, Minor Study in Business Administration, 1989; University of San Francisco School of Law, J.D., 1992; President, University of San Francisco Labor & Employment Law Society; Admitted, California State Bar, December 1992; Member, California State Bar Labor and Employment Law Section, 1993-present; Admitted, United States District Court (Northern District), 1992; Admitted, United States Court of Appeals (9th Circuit), 1993; Admitted, United States District Court (Eastern District), 1995; Admitted, United States District Court (Central District), 2005; Admitted, United States District Court (Southern District), 2005; National Association of Securities Dealers (Registered Representative [Series 7], 1987-1989); Member/Referral Attorney, Animal Legal Defense Fund (1998-2000); Member, Board of Directors, American Synergy Center (2001); Member, Association of Trial Lawyers of America (2005-present); Member, California Employment Lawyers Association (2005-present); Member, American Bar Association (2007-present); Member, Alameda County Bar Association (2008-present); Vice Chair (2009 & 2010), Alameda County Bar Association's Labor & Employment Law Section Executive Committee; Member, National Employment Lawyers Association (2009-present); U.S. Delegate to the InterAmerican Meeting of Labor and Trade Union Lawyers, Havana, Cuba, March 2012.

Matthew R. Bainer, Esq.
Born March 27, 1976 in Riverside California. University of California. B.A., American Studies, 1999, Minor Study in City Planning; University of San Francisco School of Law, J.D., 2002; Managing Editor, University of San Francisco Maritime Law Journal, 2001-2002; Admitted, California State Bar, 2002; Admitted, United States District Court (Northern District), 2003; Admitted, United States Court of Appeal for the Ninth Circuit, 2003; Admitted, United States District Court (Central District), 2006; Member, California State Bar Labor and Employment Section (2003-present); Member, Alameda County Bar Association (2010); Executive Committee Member (2010), Alameda County Bar Association's Labor & Employment Law Section. Mr. Bainer serves as a Senior Associate.

Molly A. DeSario, Esq.
Born January 25, 1978 in Kettering, OH. University of Cincinnati, B.A., Marketing and International Business 1999; Northeastern University, School of Law, J.D., 2002; Teaching Assistant, Legal Writing and Research Course, 2001-2002. Admitted Maryland State Bar, 2002; Admitted, United States District Court for the District of Maryland, 2003. Admitted, California State Bar, 2004; Admitted, United States Court of Appeals for the Ninth Circuit, 2004; Admitted, United States District Court (Northern District), 2009. Member of the California Employment Lawyers Association, the San Francisco Barristers Club, the American Bar Association and the Queen's Bench Bar Association of the San Francisco Bay Area. Ms. DeSario serves as a Senior Associate.

Christopher B. Johnson, Esq.
Born June 3, 1982 in San Diego, California. University of California, Berkeley, B.A., Classical Languages, 2008; University of California, Hastings College of the Law, J.D., 2012, *cum laude*; Senior Managing Editor, Hastings Constitutional Law Quarterly, 2011-2012; Admitted, California State Bar, 2012; Admitted, United States District Court (Northern District), 2012; Admitted, United States Court of Appeal for the Ninth Circuit, 2012. Mr. Johnson serves as an Associate Attorney.


**SCA Scholarly Publications (*Partial List Only*):**

Scott Edward Cole & Matthew Roland Bainer, *The Quest for Class Certification*, Employment Law Strategist (Sept. & Oct. 2003).

Scott Edward Cole & Matthew Roland Bainer, *To Be or Not to Be a Penalty: Defining the Recovery Under California's Meal and Rest Period Provisions*, Golden Gate U. L. Rev. (Spring 2005).

Scott Edward Cole & Matthew Roland Bainer, *To Certify or Not to Certify: A Circuit-By-Circuit Primer of the Varying Standards for Class Certification in Actions under the Federal Labors Standards Act*, B.U. Pub. Int. L.J. (Spring 2004).

Scott Edward Cole, *Kullar v. Footlocker Retail, Inc.: A New Standard for Class Action Settlement Approval*, CELA Bulletin (April 2009).

Matthew Roland Bainer, *Ninth Circuit Provides Much Needed Guidance on Evidentiary Burdens in Overtime Misclassification Litigation,* CELA Bulletin (May 2009).

Kevin Robert Allen, *Putting the "Rest" Back in Rest Break,* Alameda County Bar Association - Labor & Employment Section News (Autumn 2009).

Michael Scott Lubofsky, *Barristers to Blogs: Softening Ethical Restrictions in the Digital Age,* Los Angeles Daily Journal (June 14, 2010).


**Representative Class Action/Complex Litigation Matters:**

Scott Cole & Associates, APC has represented hundreds of thousands of individuals in hundreds of legal matters, including over one hundred class actions and/or complex litigation cases. While the firm has experience in environmental, business and personal injury matters, nowadays, SCA is almost entirely devoted to the prosecution of class action wage and hour matters, only a sampling of which are listed below. We are currently investigating wage and hour violations by numerous companies and are prepared to prosecute these as California and/or nationwide cases. Far from being a comprehensive list of our class action experience, examples of the types of cases we litigate include:


**Employment Class Action Litigation Experience [*Partial List Only*]:**

Brandt, et al. v. California State Automobile Association, et al.
United States District Court, District of Nevada, Case No. 3:03-CV-00310
> This wage and hour class action was brought on behalf of all Nevada claims adjusters working for CSAA between January 1997 and the present. This lawsuit alleged that, during these years, CSAA mis-classified these workers as exempt "administrators" and refused to pay them for overtime hours worked and fraudulently promised to pay them overtime compensation upon settlement of a companion case (*Thomas v. Cal. State Auto. Assoc.*, below). We served as co-counsel, *pro hac vice*, for the proposed class of employees in this matter.

Bulow, et al. v. Wells Fargo Investments, LLC
United States District Court, Northern District of California, Case No. 3:06-CV-7924
> This matter was filed as a nation-wide class action against Wells Fargo Investments, on behalf of its Financial Consultants to recover overtime pay, compensation for denied meal and rest periods (California only) and reimbursement for business related service and supply expenses (California only). This matter settled for $6.9 million.

<u>Cano, et al. v. United Parcel Service, Inc.</u>
Alameda County Superior Court Case No. RG03089266
> This wage and hour complex litigation matter involved the alleged mis-classification of overtime non-exempt Operations Management Specialists, Operational Excellence Specialists and/or Industrial Engineering Specialist at this company's California facilities. This action settled in 2004 for $4.5 million.

<u>Chaidez, et al. v. Odwalla, Inc.</u>
San Mateo County Superior Court Case No. CIV430598
> This wage and hour complex litigation matter involved the alleged misclassification of overtime non-exempt California Route Sales Representatives. We served as primary counsel for this proposed class of employees. This action settled for $2.2 million.

<u>Chang, et al. v. Tower Mart</u>
Sacramento County Superior Court, Case No. 34-2009-00044408-CU-OE-GDS
> Scott Cole & Associates, APC filed this lawsuit, alleging violations of California law for failure to pay overtime to Tower Mart's California store managers. It is also alleged that the company denied these managers meal and rest periods. This matter settled for $1.5 million.

<u>Chatellier, et al. v. The White House/Black Market Stores Inc.</u>
Santa Clara County Superior Court Case No. 1-04-CV-030489
> This lawsuit involved claims against this retail clothing store for violations of California law for failure to pay overtime to its Store Managers as well as for the alleged denial of meal and rest periods. The settlement achieved in this action represented one of the highest per-workweek wage and hour settlements at the time.

<u>Christman, et al. v. Good Guys, Inc.</u>
San Diego County Superior Court Case No. GIS21939
> This legal action alleged violations of California law for unpaid overtime wages and for failure to provide rest and meal periods on behalf of multiple employee classifications. This action settled for up to $1.05 million.

<u>CKE Overtime Cases</u>
Los Angeles County Superior Court Case No. BC283274 (JCCP No. 4274)
> This class action was brought against fast food chain Carl's Jr. for violations of California's overtime laws on behalf of the company's California restaurant chain Managers. The coordinated litigation settled for up to $9.0 million in 2004.

<u>Dailey, et al. v. Performant Financial Corporation</u>
Alameda County Superior Court Case No. RG10493644
> Scott Cole & Associates, APC filed this class action in 2010, on behalf of the company's non-exempt employees seeking wages for alleged violations of California law for unpaid overtime and denial of meal and/or rest periods. After defeating the defendant's

summary judgment motion and filing our motion for class certification, we settled this case for $1.2 million.

Davis, et al. v. American Commercial Security Service, Inc.
San Francisco County Superior Court Case No. CGC-05-444421
(Consolidated with Los Angeles County Superior Court Case No. BC336416)
     Scott Cole & Associates, APC filed a claim against American Commercial Security Services, Inc. for violations of California law for denial of meal and rest periods toward security guards. The action achieved class certification status in 2009. Following summary judgment proceedings, a judgment of over **$89 million** was entered against the defendant along with a successful motion for $26.7 million in attorney fees. The judgment is on appeal.

Davis, et al. v. Universal Protection Security Systems, Inc., et al.
San Francisco County Superior Court Case No. CGC-09-495528
     Scott Cole & Associates, APC filed a claim in 2009 against Universal Protection Security Systems, Inc. for violations of California law for denial of meal and rest periods toward security guards. This case settled in 2013 for $4 million.

DeNeveu, et al. v. Ross Stores, Inc.
Alameda County Superior Court Case No. RG10504571
     Scott Cole & Associates, APC filed this class action in December 2009, alleging violations of California law for failure to pay overtime to Ross's salaried Store Manager positions. It was also alleged that the company denied these managers rest and meal periods.

Despres (Cornn), et al. v. United Parcel Service, Inc.
United States District Court, Northern District of California, Case No. 3:03-CV-02001
     This wage and hour class action litigation was brought to remedy violations of meal and rest period regulations on behalf of the company's California ground delivery drivers. We served as co-counsel for the certified class of drivers. This action settled for **$87 million**, an unprecedented settlement amount for such claims.

Escow-Fulton, et al. v. Sports and Fitness Clubs of America dba 24 Hour Fitness USA, Inc.
San Diego County Superior Court Case No. GIC881669; consolidated with Case No. GIC873193
     Scott Cole & Associates, APC filed this class action against this health and fitness company on behalf of the company's California "Group X" Instructors to recover regular and overtime pay, related penalties and un-reimbursed expenses. The action achieved class certification status in 2009. In 2011, the parties agreed to settle the class' expense reimbursement claims for $10 million. The parties then filed cross-motions for summary adjudication and on August 2, 2011, the court issued an Order finding 24 Hour Fitness' session rate compensation scheme to be an invalid piece rate. The parties then agreed to settle the class' unpaid wage claims for $9 million, and the summary adjudication order was vacated pursuant to settlement.

Fakhro, et al. v. Turner's Outdoors, Inc.
Los Angeles County Superior Court Case No. BC388874
> This lawsuit alleges violations of California law for failure to pay overtime to the company's California Store Managers. It was also alleged that the company denied these managers rest and meal periods. The Court granted final approval to a classwide settlement in 2009.

Gilhuly v. Kmart Corporation
United States District Court, Northern District of California, Case No. 4:10-CV-0360
> Scott Cole & Associates, APC filed this class action in December 2009, alleging violations of California law for failure to pay wages, including unpaid overtime compensation, to Kmart's Sales Coach, Operations Manager and Merchandise Manager positions. It was also alleged that the company denied these managers rest and meal periods.

Grindstaff, et al. v. Kohl's Department Stores, Inc.
Los Angeles County Superior Court Case No. BC341954
(Consolidated with Case No. BC327426)
> This action alleged violations of California law for failure to pay overtime to assistant store managers. It was also alleged that the company denied its assistant store managers rest and meal periods. This action settled in 2008 for $6 million.

Grootboom v. Security Industry Specialists, Inc.
Alameda County Superior Court Case No. RG09435440
> This class action was filed on behalf of the company's California-based security guards to recover unpaid wages and compensation for missed meal and rest periods in violation of California law. This action settled in 2009 for $775,000.

Holm, et al. v. Borders, Inc.
San Francisco County Superior Court Case No. CGC-05-445357
> Scott Cole & Associates, APC served as counsel for the proposed class against this retail chain for violation of California law for failure to pay Inventory and/or Sales Managers overtime wages. It was also alleged that the proposed class had been denied rest and meal periods. This matter settled in 2007 for $3.5 million.

Ingraham v. Orchard Supply Hardware, Corp.
San Mateo County Superior Court Case No. 457004
> Scott Cole & Associates, APC filed this matter on behalf of all company employees who were forced to maintain, as a condition of employment, a company-issued uniform. This class action also seeks recovery of unpaid wages, compensation for the improper denial of overtime pay and for missed meal and rest periods. This matter resolved in 2008 on behalf of approximately 22,000 class members for $1.75 million.

Kelly, et al. v. Walgreen Co.
San Francisco County Superior Court Case No. CGC-07-464347
>  Scott Cole & Associates, APC filed an action against this retailer on behalf of employees who were allegedly subject to security searches for which they were not compensated, in violation of California law. Also alleged was that the company denied these employees rest and meal periods. The action settled for $7.5 million with SCA serving in the lead role.

Kullar v. Foot Locker, Inc.
San Francisco County Superior Court Case No. CGC-05-447044
>  This action was brought against this sporting retailer on behalf of California employees who were allegedly forced to purchase shoes of a distinctive color or design as a term and condition of their employment and in violation of state law. The Court approved a $2.0 million settlement that resolved this action. After two separate appeals by an objector challenging the settlement, the Court of Appeal affirmed the trial court's judgment.

Kurihara v. Best Buy Co., Inc.
United States District Court, Northern District of California, Case No. 3:06-CV-01884
>  We filed an action against this retailer on behalf of employees who were allegedly subject to security searches for which they were not compensated, in violation of California law. Also alleged was that the company denied these employees rest and meal periods. In 2007, the Court certified a class of over 16,000 Best Buy employees. The action settled for $5 million in 2010.

Lyons v. Elephant Bar Restaurant
Alameda County Superior Court Case No. RG08422299
>  Scott Cole & Associates, APC filed an action against this restaurant chain challenging violations of California law for denial of meal and rest periods on behalf of the restaurant's hourly, non-exempt employees.

Mambuki, et al. v. Securitas Security Services USA, Inc.
Santa Clara County Superior Court Case No. 1-05-CV-047499 (JCCP No. 4460)
>  Scott Cole & Associates, APC filed a claim against this defendant for violations of California law (for denial of meal and rest periods) on behalf of the company's California-based security guards. This coordinated proceeding settled in 2008 for $15 million.

McFann, et al. v. Volt Telecommunications Group, Inc.
Riverside County Superior Court Case No. RIC475410
(Los Angeles County Superior Court JCCP No. 4533)
>  Scott Cole & Associates, APC filed this action on behalf of company field technicians to recover reimbursement for business-related expenses and for unpaid wages. The Court approved an Arbitration Award entered pursuant to a $3.45 million classwide settlement in 2009.

Menchyk v. Beverages & More, Inc.
Alameda County Superior Court Case No. RG05196918
  Scott Cole & Associates, APC filed this action for violations of California law for unpaid
  overtime wages and for failure to provide meal and rest periods. Although a small
  putative class (98 class members), it settled for $1.2 million, representing one of the
  highest per-workweek settlements in California at the time.

Moore v. Albertsons Inc.
United States District Court, Northern District of California, Case No. 3:04-CV-03731
  Scott Cole & Associates, APC filed this action for violations of California's overtime
  laws on behalf of the company's California Drug Managers. This action settled for $2.35
  million, again representing one of highest per-workweek settlements in the state at the
  time.

Nunez v. AC Square, Inc., et al.
San Mateo County Superior Court Case No. CIV479622
(Consolidated with Case Nos. 464144 and 473571)
  Scott Cole & Associates, APC filed this class action on behalf of all California
  Technicians employed by AC Square (during the applicable claims period) to recover
  unpaid wages including overtime pay, meal and rest period compensation, related
  penalties and un-reimbursed expenses. This action settled for $800,000.

O'Brien v. Edward D. Jones & Co., LP.
United States District Court, Northern District of Ohio, Case No. 1:08-CV-00529
  We filed a nation-wide (and New York State) class action against this financial securities
  company on behalf of the company's financial services representatives to recover
  overtime pay and related penalties. We served on a Lead Counsel Committee in this
  action, which settled in 2007 for $19 million.

O'Hara, et al. v. Factory 2-U Stores, Inc.
Alameda County Superior Court Case No. 834123-5
  This class action, filed in 2000, alleged mis-classification of Factory 2-U's California
  Store Managers and Assistant Store Managers as exempt from overtime pay. In 2001, the
  Alameda County Superior Court certified two sub-classes (Managers and Assistant
  Managers) and, in 2002, granted final approval to a settlement of the action for $2
  million.

Ramirez, et al. v. The Coca Cola Company, et al.
San Bernardino County Superior Court Case No. RCV 056388 (JCCP No. 4280)
  This is one of two companion actions we prosecuted against this soft drink giant for
  violations of California's overtime laws. This action was brought on behalf of over 4,000
  hourly workers at the company's bottling, distribution and sales centers who were
  allegedly forced to work "off-the-clock" for Coca Cola and/or whose time records were
  ordered modified by the company. This well-publicized action settled for $12 million and

on very favorable terms for the claimants. We filed the first action on these issues and ultimately worked with co-counsel for the proposed class of workers.

<u>Rowe, et al v. California Commerce Casino, Inc.</u>
Los Angeles County Superior Court Case No. BC321283
(Consolidated with Case Nos. BC288079 and BC320171)

> Scott Cole & Associates, APC filed a claim against this casino for violations of California law for failure to pay overtime to their dealers. Additionally, it was alleged that the casino demanded that its dealers pay a portion of their wages into a "tip pool" from which the supervisors (who had authority over the dealers) drew extra income. We and our co-counsel have settled the action, in part, and obtained certification of the remaining claims following an adversarial proceeding.

<u>Schweinsburg v. Paragon Systems, Inc.</u>
United States District Court, Central District of California, Case No. 2:09-CV-08139

> Scott Cole & Associates, APC filed a claim in 2009 against Paragon Systems, Inc., for violations of California law for denial of meal and rest periods toward non-exempt security guards. This case settled for the policy limit of $885,410.

<u>Thomas, et al. v. Cal. State Auto. Assoc., et al.</u>
Alameda County Superior Court Case No. CH217752

> Scott Cole & Associates, APC filed this class action litigation on behalf of all California claims adjusters working for CSAA after mid-January 1997. This lawsuit alleged that, during those years, CSAA mis-classified these workers as exempt "administrators" and refused to pay them for overtime hours worked. This lawsuit settled for $8 million. We commenced this action and served as co-counsel for the nearly 1,200 claims representatives.

<u>Tierno v. Rite Aid Corporation</u>
United States District Court, Northern District of California, Case No. 3:05-CV-02520

> Scott Cole & Associates, APC filed this action against Rite Aid Corporation on behalf of its salaried California Store Managers. It was alleged that defendant, purportedly the nation's third largest drug store chain, failed to pay overtime to those workers and denied them their meal and rest periods. In 2006, the federal court certified the class in this action, and approved our $6.9 million non-reversionary settlement in 2009.

<u>Torres, et al. v. ABC Security Services, Inc.</u>
Alameda County Superior Court Case No. RG04158744

> Scott Cole & Associates, APC filed this litigation, alleging violations of Cali- fornia law for denial of meal and rest periods on behalf of the company's security guards. This action received class certification status in 2006 and settled for $495,000.

**Other Mass and/or Complex Litigation Experience:**

In Re Tosco SFR Litigation
Contra Costa County Superior Court Case No. C97-01637
> During incidents on April 16, 1997 and, again, on January 7, 1998, the Tosco (old Unocal) Refinery in Rodeo, California released toxic chemicals airborne into the environment. These harmful substances traveled airborne into neighboring communities, seriously affecting the health of citizens and local workers. Our firm served as Lead Counsel in this complex litigation and represented thousands of members of the community in that role. We settled this matter for $2.5 million, the funds from which were disbursed to over 2,000 claimants who participated in the settlement.

In Re Unocal Refinery Litigation
Contra Costa County Superior Court Case No. C94-04141
> In response to Unocal's 16-day airborne release of chemicals over the County of Contra Costa in 1994, we filed a class action against the corporation on behalf of thousands of victims and thereafter served as one of a handful of firms (among dozens of law firms of record) on the Plaintiffs' Steering Committee. After hard-fought litigation, the matter eventually settled for $80 million.

In Re Westley Tire Fire Litigation
Santa Clara County Superior Court Case No. CV 801282
> On September 22, 1999, lightning struck and ignited a pile of approximately 7 million illegally stored waste tires in Westley, California, a town about 70 miles east of San Francisco. Over the subsequent five weeks, the fire spewed smoke and carcinogens over a large portion of the State of California. Our firm served as the (sole) Lead and (shared) Liaison Counsel over a Plaintiffs' Steering/Management Committee in the consolidated actions against the owners and operators of this tire pile and related entities. These cases sought compensation for those individuals and businesses suffering personal and/or property damages as a result of these toxic substances and the fire's fall-out. In 2001, we reached a settlement with one defendant (CMS Generation Co.) for $9 million. In 2003, the Court granted final approval of the settlement. In 2005, two of the remaining defendants settled for an aggregate amount of roughly $1.4 million.

Onyeige, et al. v. Union Telecard Alliance, LLC
U.S.D.C. Northern District of California, Case No. 3:05-CV-03971
(U.S.D.C., District of New Jersey, MDL No. 1550)
> Scott Cole & Associates, APC filed an action against Union Telecard Alliance, LLC alleging negligent misrepresentation and for deceptive advertising practices related to the marketing of its pre-paid telephone calling cards. This action settled for approximately $22 million.

<u>Witriol, et al. v. LexisNexis., et al.</u>
U.S.D.C., Southern District of California, Case No. 3:06-CV-02360
> Scott Cole & Associates, APC filed an action against this company for its allegedly-unlawful disclosure of private credit, financial and/or other personal information. This action settled for up to $2.8 million.


**Notable Appellate Experience:**

<u>Baddie v. Berkeley Farms, Inc.</u> (9th Cir. 1995) 64 F.3d 487
> Case No. 93-17187

<u>Dunbar v. Albertson's, Inc.</u> (2006) 141 Cal.App.4th 1422
> First Dist., Division 1, Case No., A111153

<u>Kullar v. Foot Locker Retail, Inc.</u> (2008) 168 Cal.App.4th 116
> Case No. A119697

<u>O'Hara v. Factory 2-U Stores, Inc.</u> (2003) Not Reported in Cal.Rptr.3d, 2003 WL 22451991
> First District, Division 4, Case No. A101452

<u>Taylor v. Park Place Asset Management, et al.</u> (1999)
> First Dist., Division 5, Case No. A086407

<u>Whiteway v. Fedex Kinko's Office and Print Services</u> (9th Cir. 2009) 319 Fed.Appx. 688
> Case No. 07-16696


Scott Cole & Associates, APC // Class Action Attorneys
1970 Broadway, Ninth Floor // Oakland, California 94612
Telephone: (510) 891-9800 // Facsimile: (510) 891-7030 // Web Site:  www.scalaw.com

# EXHIBIT D

**Scott Cole & Associates**
**Khan v. Urban Outfitters**
**Cost Journal as of February 1, 2016**

| Date | Description | Quantity | Unit Price | Billing Amount |
|---|---|---|---|---|
| 9/17/2014 | Scott E.Cole; Parking | 1.00 | 4.00 | 4.00 |
| 01/14/2015 | Stephen N. Ilg; Parking | 1.00 | 26.00 | 26.00 |
| 02/17/2015 | Stephen N. Ilg; Mileage | 1.00 | 27.60 | 27.60 |
| 02/17/2015 | Stephen N. Ilg; Mileage | 1.00 | 12.65 | 12.65 |
| | Copies | 2,171.64 | 0.25 | 590.96 |
| | Fax | 1.00 | 13.50 | 13.50 |
| | Filing Fees | 1.00 | 2,480.44 | 2,480.44 |
| | Postage | 1.00 | 228.35 | 228.35 |
| | Records Expense | 1.00 | 535.61 | 535.61 |
| | Telephone Charges | 1.00 | 1060.17 | 1060.17 |
| | | | **Total    $** | **4,979.28** |

# EXHIBIT 7

1  JOHN F. McINTYRE, JR., ESQ., State Bar No. 172128
   KEVIN R. ELLIOTT, ESQ., State Bar No. 276295
2  SHEA & McINTYRE, A P.C.
   2166 The Alameda
3  San Jose, CA 95126-1144
   [408] 298-6611
4  [408] 275-0814 Facsimile
   Email: jmcintyre@sheamcintyre.com
5
   Attorneys for Defendant
6  AMERICAN BUILDING CLEANING, INC.

7

8          **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **IN AND FOR THE COUNTY OF CONTRA COSTA**

10

11 JOSE AGUILAR, individually, and on behalf of    ]    No. C-18-00929
   all others similar situated,                    ]
12                                                  ]    **NOTICE TO STATE COURT OF**
             Plaintiff,                             ]    **REMOVAL OF THIS ACTION TO**
13                                                  ]    **THE UNITED STATES DISTRICT**
        v.                                          ]    **COURT FOR THE NORTHERN**
14                                                  ]    **DISTRICT OF CALIFORNIA**
   AMERICAN BUILDING CLEANING, INC., and            ]
15 DOES 1 through 100, inclusive,                   ]
                                                    ]
16           Defendants.                            ]
                                                    ]
17 ─────────────────────────────────────────       ]

18 **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

19          **PLEASE TAKE NOTICE** that the above-referenced action has been removed to the

20 United States District Court - Northern District of California.  Attached hereto is a true and

21 correct copy of the Notice of Removal which has been filed with the United States District Court

22 - Northern District of California on July 9, 2018.

23                              Respectfully Submitted,

24 Dated: July __9__, 2018            SHEA & McINTYRE, A P.C.
25

26                                   By _____
27                                      JOHN F. McINTYRE, JR., Attorneys for
                                        Defendant, AMERICAN BUILDING
28                                      CLEANING, INC.

1
NOTICE TO STATE COURT OF REMOVAL OF THIS ACTION TO THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

**Case Name:**  *Jose Aguilar v. American Building Cleaning, Inc., et al.*
**Court:**  United States District Court - Northern District of California
**Case No.**
**Our File No.** 19970-001

## PROOF OF SERVICE

STATE OF CALIFORNIA                    ]
                                                       ] ss.
COUNTY OF SANTA CLARA          ]

     I am a citizen of the United States and a resident of the County of Santa Clara, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 2166 The Alameda, San Jose, CA 95126-1144.  On the date set forth below, I served the document[s] described as:

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**

on the following person[s] in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Scott Cole / Andrew Weaver                    Attorney for Plaintiff
Scott Cole & Associates
1970 Broadway, 9th Floor
Oakland, California 94612-2228

[X]   [BY MAIL] I caused such envelope[s] with postage thereon fully prepaid to be placed in the United States mail at San Jose, California.

[ ]   BY PERSONAL SERVICE I caused such envelopes, as indicated above, to be delivered by hand this date to the offices of the addressees.

[ ]   [BY FACSIMILE] I caused such document[s] to be transmitted by facsimile on this date to the offices of addressee[s] and the facsimile machine complies with Rule 2.301 of the California Rules of Court and was reported as complete and without error at the time specified on the transmission confirmation report and was properly issued by the transmitting facsimile machine operating at [408] 275-0814.

[ ]   [BY ELECTRONIC MAIL] I caused such document[s] to be transmitted by electronic mail on _____, to the offices of addressee[s] without return error notification from electronic mail address kelliott@sheamcintyre.com.

[ ]   [BY FEDERAL EXPRESS] I caused such envelope[s] with postage thereon fully prepaid to be placed for collection by Federal Express at San Jose, California.

[X]   [STATE I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on July 9, 2018,  at San Jose, California.

_____
LAURA LARIOS

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

1